**Willie Ray ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–144–CR.**

Court of Appeals of Texas, Austin.

Sept. 26, 1990.

Rehearing Overruled Dec. 12, 1990.

William E. Sterling, Jr., Wilson & Sterling, Cedar Park, for appellant.

Ken Anderson, Dist. Atty., Sally Ray, Asst. Dist. Atty., Georgetown, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

After a jury convicted Willie Ray Roberson for delivery of a controlled substance (three counts), the district court assessed punishment at two concurrent fifty-year sentences and a ten-year sentence which the court probated. Willie Ray Roberson raises numerous points of error including the complaint that at trial he was denied effective assistance of counsel. We will reverse the judgment of conviction and remand the cause for a new trial.

## BACKGROUND

Appellant Willie Ray Roberson and his identical twin brother, Willie James Roberson, were both arrested, indicted, and convicted for selling cocaine to undercover peace officers during the summer of 1988 in Taylor, Texas. At trial, Willie Ray Ro-

berson asserted the defense of mistaken identity.

The State indicted Willie Ray Roberson for selling cocaine to Shane Hayes on the 21st and 27th of July 1988 and to Officer Delarosa on July 27, 1988. Willie Ray's brother, Willie James, was also indicted for selling cocaine to Hayes and Delarosa during July of 1988. In fact, both Willie Ray Roberson and Willie James Roberson were convicted for selling cocaine in Williamson County to Shane Hayes on the very same day, July 21st.

At trial, Willie Ray Roberson testified that he did not sell drugs to Hayes and Delarosa. He did testify, however, that he asked his brother, Willie James, whether he had sold drugs to undercover officers Hayes and Delarosa. Willie James allegedly responded that he probably had since he had sold drugs to a lot of people. Willie James Roberson also testified in defense of his brother. He stated at the outset that on Monday, the day appellant's trial began, he pleaded guilty to selling drugs to Officer Hayes on July 21st and to Officer Delarosa in cause number 89–080–K. In addition, he testified that he regularly sold cocaine in Taylor, Texas.

During the State's case-in-chief, Officer Hayes testified, among other things, that he purchased cocaine from Willie Ray Roberson in Taylor on July 21st (the same day of the cocaine sale from Willie James to Officer Hayes). Officer Hayes testified that he met *individually* with Willie Ray Roberson that day and bought one quarter gram of cocaine.

During the trial, Officers Hayes, Delarosa, and Clark, members of the Greater Austin Area Organized Crime Unit, all admitted that they had difficulty telling the twins apart, but that they could differentiate them from one another based upon the relative length of each brother's hair—Willie Ray's hair was a little longer than Willie James'. The African–American twins both have dark, tightly-curled hair. Officer Clark, who headed-up the team, testified that on July 2nd, Chief Bengton of the Taylor Police Department had confused the brothers and arrested appellant instead of

Willie James who was wanted on a theft charge. The Taylor Police took a photograph of Willie Ray which was entered into evidence at the trial. Several other pictures of each brother were also entered into evidence, but these pictures were all taken several months after the July undercover operation.

Officers Hayes and Delarosa testified that during the undercover operation, Officer Clark supplied them with pictures depicting the twins' current appearance so that they could distinguish them. None of the officers were able to produce the pictures used by Officer Clark to show Hayes and Delarosa how Willie Ray's appearance differed from Willie James'.

Officer Clark testified that the brothers were like two identical cars going down the street. He stated that you would have to get close to them, side by side, in order to tell them apart. Officer Hayes testified that he initially came to know Willie Ray Roberson through an unidentified confidential informant. Finally, Officer Delarosa testified that the only time he met Willie Ray Roberson was during their July 27th transaction.

## DENIAL OF EFFECTIVE ASSISTANCE STANDARD

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the standard for determining whether a defendant was denied effective assistance of counsel. The *Strickland* test encompasses a two-part analysis: (1) upon appellant's identification of the acts or omissions of his trial counsel that are alleged to be deficient, we must determine whether, in light of all of the circumstances viewed at the time of trial, counsel's performance was "outside the wide range of professionally competent assistance"—was counsel's assistance not objectively reasonable; and, if so, (2) appellant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 690, 694, 104 S.Ct. at 2065–66, 2068; *accord Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr.App.1986).

"Probability sufficient to undermine confidence in the outcome" constitutes "reasonable probability." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

In order for Willie Ray Roberson to meet his burden with respect to the first prong of the *Strickland* standard, he must overcome the presumption that his counsel's actions or inactions "might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. at 2065. When we analyze appellant's claim, we must be mindful of the "totality of the representation" rather than "isolated acts or omissions." *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Cr.App.1986). Finally, we will sustain allegations of a denial of effective assistance only if the allegations are firmly grounded in the record before us. *Ex parte Perkins*, 706 S.W.2d 320, 323 (Tex.Cr.App.1986).

## ANALYSIS AND HOLDING

The appellate record is replete with defense counsel's omissions that were inconsistent with sound trial strategy and that cumulatively denied Willie Ray Roberson effective assistance of counsel. We reach this conclusion in the context of appellant's claim that he was a victim of mistaken identity. We note that counsel's explicit trial strategy involved appellant's assertion that the undercover officers had confused him with his identical twin brother also named "Willie."

Trial counsel's ineffectiveness flowed primarily from his failure to raise objections or to diligently pursue discovery. Officers Clark, Hayes, and Delarosa testified that they relied upon current pictures of the twins during their undercover operation in order to distinguish them. When asked at trial, none of the officers would produce the specific photographs used during the operation, and counsel did not press the officers for an explanation as to why they would not produce them. Thus, no picture depicting Willie James during the time period of the operation was introduced into evidence. In addition, the record indicates that none of the pre-trial motions were acted upon by the court, including a motion for discovery which requested production of *all* photographs used during the State's investigation. Apparently, the pre-trial hearing was waived, and defense counsel made no attempt to secure a ruling on any of the various pre-trial motions contained in the record.

With regard to the confidential informants involved in the case, defense counsel's only attempt to obtain their identities involved a simple request of the officers at trial. The officers declined in order to protect the informants' welfare. Counsel did not request a pre-trial identification hearing in which the court might have forced disclosure of the informants' identities if the court determined that they were necessary for the determination of guilt and innocence. *See* Tex.R.Cr.Evid.Ann. 508(c)(2) (Pamp.1990). Counsel's lack of diligence here is especially notable in the context of identical twins, especially twins with the same first and last names. Officer Hayes' trial testimony underscored the potential importance of the identity of one of the informants. Hayes testified that he initially met Willie Ray through a confidential informant; that he relied upon this informant to identify appellant; and that as far as he could recall, the informant did not even know appellant's brother, Willie James.

Defense counsel's most egregious error in the context of this case was his failure to object to the court's charge. He failed to inspect the charge before telling the court that he had no objection to it:

> THE COURT: Mr. Grimes, have you had a chance to look at the charge?
>
> MR. GRIMES: No, I haven't.
>
> THE COURT: Mr. Grimes do you have any objections to the charge?
>
> MR. GRIMES: No, your honor.
>
> THE COURT: State?
>
> MR. WOMACK: No, your honor.
>
> THE COURT: Okay, you can bring them in, Frank.

The charge given to the jury contained no special instructions; it set forth the conduct charged through a negative presentation.

Although the law on a defendant's right to an affirmative instruction on mistaken identity has narrowed considerably, counsel's failure to even preserve error as to the propriety of the charge is glaring considering that both appellant and his twin brother were separately convicted for identical conduct, not involving an accomplice. *See Wilson v. State,* 581 S.W.2d 661, 668 (Tex.Cr.App.1979) (Roberts, J. concurring).

Appellant Willie Ray was convicted for conduct described in his indictment as follows:

[O]n or about the 21st day of July, A.D. 1988, in the County of Williamson and State of Texas, Willie Ray Robe[r]son intentionally and knowingly delivered Cocaine to Shane Hayes by actual transfer, constructive transfer, and an offer to sell....

Willie James pleaded guilty to the same conduct described in a separate indictment as follows:

[O]n or about the 21st day of July, A.D. 1988, in the County of Williamson and State of Texas, Willie James Robe[r]son intentionally and knowingly delivered Cocaine to Shane Hayes by actual transfer, constructive transfer, and offer to sell....

At trial, Officer Hayes' account of the July 21st buy from appellant did not include any accomplice. In fact, his testimony indicated by negative implication that he had not purchased cocaine from appellant's brother on July 21st:

STATE: So, what happened between the *two* of you [Officer Hayes and appellant]?

HAYES: I asked him if Sherman was around and he told me no ... and asked me if he could help me with anything.... And he again asked me, he said, "Well maybe I can do something for you." And at that time I said, Well, I was looking for some coke, cocaine.... And he said he had it, and pulled it out of his pocket.

\* \* \* \* \* \*

STATE: Now, I want to know if you found *later* that this defendant, Willie

Ray Roberson, did in fact have a twin brother?

HAYES: Yes, sir.

\* \* \* \* \* \*

STATE: And did you buy drugs from him?

HAYES: Yes, sir.

STATE: So you have dealt with both of these people?

HAYES: Yes, sir.

STATE: And your [sic] able to tell them apart?

HAYES: Yes, sir.

STATE: But at that time you knew him [appellant] only by the name he had given you, which was Twin?

HAYES: Yes, sir.

STATE: And he gave you—

HAYES: Two dimes.

STATE: Two dime bags of what was represented to be cocaine?

HAYES: Yes, sir.

STATE: And this was on the *21st of July, 1988 in Williamson County, Texas?*

HAYES: In Taylor.

(Emphasis added.)

We also note that defense counsel failed to exploit the inconsistency between Hayes' testimony above and Willie James Roberson's subsequent testimony that he pleaded guilty to selling cocaine to Officer Hayes a couple of times, including on July 21st.

The record reveals several other examples of counsel's deficient performance. Counsel failed to object to the court's award of a ten-year probated sentence on one of the counts charged. The State sought probation, even though appellant did not request it, so that appellant would be on probation after he was released from the penitentiary. In addition, the record reveals numerous errors during jury selection including counsel's failure to preserve error for juror challenges denied by the court.

Appellant acknowledges that none of the identified omissions standing alone, would justify reversal. We agree. However, counsel's overall performance fell outside the "wide range of professionally compe-

tent assistance" required under the United States and Texas Constitutions. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065–66; *Hernandez,* 726 S.W.2d at 57; *Butler,* 716 S.W.2d at 54. In addition, and in light of the undercover officers' admitted difficulty in distinguishing the twins and Willie James' admission that he sold cocaine to the undercover officers, we conclude that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065–66; *Hernandez,* 726 S.W.2d at 57. Accordingly, we sustain appellant's ninth point of error.

Because appellant was denied effective assistance of counsel, we find it unnecessary to reach the other eight points of error raised on appeal.

We reverse the judgment of the district court and remand the cause for a new trial.