**Willie Ray ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 208–91.**

Court of Criminal Appeals of Texas, En Banc.

June 5, 1991.

William E. Sterling, Jr., Cedar Park, for appellant.

Ken Anderson and Sally Ray, Asst. Dist. Attys., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

**PER CURIAM.**

Appellant was convicted by a jury of three counts of delivery of cocaine in the 277th Judicial District Court of Williamson County. The Third Court of Appeals reversed the judgment and remanded for a

---

new trial, holding that appellant had not received effective assistance of counsel at trial. *Roberson v. State*, 798 S.W.2d 602 (Tex.App.—Austin, 1990).

In his second point of error to the Court of Appeals, appellant challenged the sufficiency of the evidence on each of the three counts of delivery of cocaine for which the jury found him guilty. The Court of Appeals failed to conduct a sufficiency review and relied instead on its decision to grant a new trial based on their decision that appellant received ineffective assistance of counsel. The State timely filed a motion for rehearing challenging the Court of Appeals' holding and requesting the Court of Appeals conduct a sufficiency review as required by *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). See also, *Rains v. State*, 604 S.W.2d 118 (Tex.Cr.App.1980); *Swabado v. State*, 597 S.W.2d 361 (Tex.Cr. App.1980); *Collins v. State*, 602 S.W.2d 537 (Tex.Cr.App.1980) (concurring opinion). The Court of Appeals overruled the State's motion for rehearing. The State has filed a petition for discretionary review with this Court challenging the Court of Appeals' holding on the claim of ineffective assistance of counsel and complaining of the Court of Appeals' failure to conduct a review of the sufficiency of the evidence as originally requested by appellant.

Both the State and appellant have a considerable interest in an appellate court determination of the sufficiency of the evidence of each of the three deliveries upon which the jury returned verdicts of "guilty." The appellant claimed the evidence was insufficient and he is entitled to an acquittal, rather than a new trial, if the appellate court agrees. Further, on behalf of the State, the jury's finding of "guilty" on any of the three counts upon trial of a three count indictment for three separate cocaine deliveries, would support a judgment of conviction for "delivery of cocaine." Under the "harm" standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the "reasonable probability" necessary "to undermine confidence in the out-come" and justify reversal of the conviction in this case, presupposes substantial error affecting all of the three determinations of "guilty" on all three counts. Thus, not only must the Court of Appeals determine the sufficiency of the evidence on each of the three deliveries upon which the jury returned verdicts of "guilty," it will also be necessary that it reconsider its determination of the effectiveness of trial counsel in light of their determination with respect to the sufficiency of the evidence.

Therefore, this Court summarily grants the State's petition for discretionary review and remands this cause to the Third Court of Appeals for a determination of the sufficiency of the evidence to support each verdict of "guilty," and to reconsider the matter of effectiveness of trial counsel in light of its determination as to sufficiency of the evidence.

It is so ordered.