**Willie Ray ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 489–92.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1993.

Rehearing Denied April 21, 1993.

of appeals reversed the judgment and remanded for a new trial, holding that appellant had not received effective assistance of counsel at trial. *Roberson v. State,* 798 S.W.2d 602 (Tex.App.—Austin, 1990) (*Roberson I*). On original appeal appellant challenged the sufficiency of the evidence to support each of his three convictions for delivery of cocaine. The court of appeals failed to conduct a sufficiency review and relied instead on its decision to grant a new trial based on its holding that appellant received ineffective assistance of counsel. We granted the State's petition for discretionary review and remanded the case to the court of appeals for a determination of the sufficiency of the evidence, and to reconsider its decision pertaining to effectiveness of trial counsel. *Roberson v. State,* 810 S.W.2d 224 (Tex.Cr.App.1991) (*Roberson II*).

On February 12, 1992, the court of appeals handed down another opinion finding the evidence sufficient to support the guilty verdicts. *Roberson v. State,* No. 03–89–144–CR (Tex.App.—Austin, delivered February 12, 1992) (*Roberson III*). After incorporating by reference the original discussion on ineffective assistance of counsel in *Roberson I,* the court held that of all of the shortcomings of counsel discussed in *Roberson I,* the most significant was counsel's failure to request a charge on the defense of mistaken identity. The court found that had a mistaken identity defense been presented, the jury might well have found in appellant's favor. Thus, the court concluded that "but for counsel's errors, there is a reasonable probability that the result of the trial would have been different." *Roberson III, supra,* slip op. at 4.

In its petition for discretionary review the State contends the court of appeals improperly based a determination of ineffective assistance of counsel primarily on trial counsel's failure to request a jury instruction on "mistaken identity" when there is no authority for giving such a charge, and that the court of appeals has not made a proper analysis under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We

William E. Sterling, Jr., Lawrence A. Russell, Cedar Park, for appellant.

Ken Anderson, Dist. Atty., Sally Ray, Asst. Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of three counts of delivery of cocaine. The court assessed punishment at two concurrent fifty-year sentences and a ten-year sentence, which was probated. The court

granted the State's petition to examine the opinion of the court of appeals in light of these contentions.

Appellant was indicted for selling cocaine in Taylor, Texas, on three separate occasions in July, 1988; to Officer Hayes on the 21st and 27th of July, and to Officer Delarosa on July 27th. Appellant's identical twin brother, Willie James Roberson, was also indicted and pleaded guilty to selling cocaine to Officer Hayes on July 21, 1988. The court of appeals noted that "counsel's explicit trial strategy" involved appellant's assertion that the undercover officers confused him with his twin brother.

After setting forth the standard for review of an ineffective assistance of counsel claim as provided for in *Strickland,* the court of appeals cataloged the alleged errors of counsel. The court conceded that none of the identified omissions standing alone would constitute ineffective assistance of counsel but, without specifying what alleged errors met the first prong of *Strickland* and without explaining how any of these errors prejudiced appellant such that the second prong of *Strickland* was met, the court summarily concluded that "but for counsel's errors, there is a reasonable probability that the result of the trial would have been different." *Roberson III, supra,* slip. op. at 4.

■ The proper standard by which we review the adequacy of representation at the guilt-innocence stage of trial is that articulated in *Strickland,* and adopted by this Court in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Cr.App.1986). The *Strickland* test encompasses a two-part analysis. First, a defendant bears the burden of proving that, in light of all the circumstances viewed at the time of trial, counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. If a defendant is able to demonstrate that the attorney's performance did fall below the accepted standard, he then must demonstrate that there is a reasonable probability that, but

for counsel's errors, the result of the trial would have been different. *Id.* In order for a defendant to meet his burden with respect to the first prong of *Strickland,* he must overcome the presumption "that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Accordingly, we now review the court of appeals' opinion concerning counsel's deficiencies under a *Strickland* analysis. The court of appeals discussed five areas in which it determined counsel erred.

■ (1) "Trial counsel's ineffectiveness flowed primarily from his failure to raise objections or to diligently pursue discovery." *Roberson I,* 798 S.W.2d at 604.[1] The court of appeals expressed particular concern that although the testimony from investigating officers at trial established they relied on pictures of the twins during their undercover operation in order to distinguish them, counsel failed to press the officers for an explanation as to why they would not or could not produce them, and failed to request a ruling on any pre-trial motions filed with the court. This is the extent of the court of appeals' discussion of this alleged deficiency of counsel. The court failed to explain how failure to formally pursue the discovery of these pictures constitutes deficient performance or how appellant was harmed. It is possible that counsel consulted with his client and determined that production of the photos would in fact discredit appellant's sole defense of mistaken identity. The record is not developed in this regard. Although a hearing was held on appellant's motion for new trial based on allegations of ineffective assistance of counsel, no questions were asked of counsel in this respect. Thus, under *Strickland,* we are to presume that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690,

---

1. Many of the references within will be to the court of appeals' original opinion, *Roberson I,* since it was incorporated by reference into the court's final analysis and holding in *Roberson III,* regarding the effectiveness of counsel at trial.

104 S.Ct. at 2066, 80 L.Ed.2d at 695. See also, *Delrio v. State,* 840 S.W.2d 443 (Tex. Cr.App.1992). What the record does reflect is that the prosecutor has an "open file" policy on discovery, and had, in fact, at some time before trial made his entire file available to appellant's counsel so that he would have access to all of the evidence of which the prosecutor was aware.

The court of appeals also stated without subsequent analysis, "apparently, the pretrial hearing was waived, and defense counsel made no attempt to secure a ruling on any of the various pre-trial motions contained in the record." *Roberson I,* 798 S.W.2d at 604. There is no showing that a ruling on any of the pre-trial motions would have changed anything in the case. Further, the record reflects that it was agreed between the trial court and the parties that any evidence on contested issues of fact raised by pre-trial motions which were still unresolved by the morning of trial would be considered at that time. At the hearing on appellant's motion for new trial, counsel admitted he received from the prosecution all matters requested in pre-trial motions filed.

■ (2) "Counsel did not request a pre-trial identification hearing in which the court might have forced disclosure of the informant's identity if the court determined that they were necessary for the determination of guilt and innocence." *Id.* Officer Hayes testified at trial that he initially met appellant through a confidential informant; that he relied upon this information to identify appellant; and that as far as he could recall, the informant did not even know appellant's brother, Willie James. Again, without any evidence in the record to demonstrate otherwise, we must presume counsel had a plausible reason for not pursuing identification of the informant. It is quite possible counsel determined that it would not be in his client's best interest to seek out this informant's testimony.

(3) "Defense counsel's most egregious error in the context of this case was his failure to object to the court's charge." *Roberson I,* 798 S.W.2d at 604. As support

for holding that the instruction was available the court of appeals cited to 8 McCormick & Blackwell, *Texas Practice,* § 85.10, at 312. The court contends that had counsel requested a charge on the defense of mistaken identity, the jury might well have found in appellant's favor.

■ A defense may be recognized two ways: by the legislature, or by the courts. *Vasquez v. State,* 830 S.W.2d 948 (Tex.Cr. App.1992). Misidentification is not an affirmative defense; the Texas Penal Code does not provide for a statutory defense of "mistaken identity." Furthermore, this Court has held that a charge on mistaken identity is an improper comment on the weight of the evidence and should not be given. *Caldwell v. State,* 818 S.W.2d 790, 799 (Tex.Cr.App.1991), citing *Laws v. State,* 549 S.W.2d 738 (Tex.Cr.App.1977); *Waller v. State,* 581 S.W.2d 483 (Tex.Cr. App.1979). Counsel is not ineffective per se to fail to raise defenses which are not recognized by statute or the courts. Thus, counsel's performance was clearly not deficient for failing to request a jury instruction on mistaken identity when entitlement to such a charge has been repeatedly rejected by caselaw and is not recognized by statute. See *Vasquez,* 830 S.W.2d at 950–951.

Counsel aptly presented the defense of mistaken identity to the jury from the point of his opening statement to his final jury argument. The jury charge clearly explained to the jury that they had to find that appellant was the perpetrator in order to convict. The issue that the officers could have been mistaken in their identification of appellant was raised by defense counsel on cross-examination. Specifically, the officers admitted how similar appellant and his twin brother appeared, how difficult they were to distinguish, and the fact that the Taylor Chief of Police had once confused them when one was arrested on a warrant issued for the other. The officers, nevertheless, stated that they could distinguish the twins, and explained to the jury the precautions taken during the undercover operation to reliably identify each one.

In addition to having the twins appear before the jury in identical haircuts, defense counsel called appellant's brother who testified that he, not appellant, was the one involved in the purchase and sale of the drugs. Both appellant and his brother testified to the ways in which their appearances differed during the time of the undercover operation. Much of the closing argument of counsel concentrated on the defense of misidentification. Counsel repeatedly urged the jury to acquit appellant because there was a reasonable doubt that it had been appellant, as opposed to his brother, who had sold cocaine on the dates and to the persons alleged. The jury simply chose to disbelieve the defensive evidence. There is absolutely no support in the record for the court of appeals' conclusion that counsel was deficient for not properly asserting the defense of mistaken identity.

The court of appeals concludes its analysis by citing several other examples of counsel's deficient performance. We will address them individually.

■ (4) "Counsel failed to object to the court's award of a ten-year probated sentence on one of the counts charged." *Roberson I*, 798 S.W.2d at 605. It is clearly within the trial court's authority to assess probation where the maximum punishment does not exceed ten years imprisonment. See Article 42.12, § 3, V.A.C.C.P. The court of appeals failed to state how counsel was deficient for failing to object to something that was completely within the trial judge's authority and discretion to grant.

(5) "The record reveals numerous errors during jury selection including counsel's failure to preserve error for juror challenges denied by the court." *Roberson I*, 798 S.W.2d at 605. Appellate counsel failed to timely request that the jury list be included in the appellate record. Thus, how the court of appeals was able to conclude that counsel made numerous errors in jury selection is without explanation. Indeed, the court does not explain what errors were made, how they constitute deficient performance of counsel, or how appellant was harmed thereby.

In sum, in applying the first prong of the *Strickland* standard, the court of appeals neglected to "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. It is appellant's burden to overcome this presumption. We find insufficient bases in the present record to overcome that presumption. Accordingly, we hold that the court of appeals erred in reversing the conviction on the basis of ineffective assistance of counsel. We therefore reverse the judgment of the court of appeals and remand the cause to that court for disposition of appellant's remaining points of error.

CLINTON, J., dissents.