NO.
12-06-00123-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WESLEY ALLAN DOTSON,           §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Wesley Allan
Dotson appeals his conviction for aggravated assault.  In two issues, he argues that the evidence is
factually insufficient to sustain his conviction and that he received
ineffective assistance of counsel.  We
affirm.

 

Background

            Appellant
was in a relationship with Brenda Carr. 
The two got into a quarrel over unanswered phone calls, and Appellant
assaulted her, cutting her in the face with a knife, biting her on the nose,
throwing her down some stairs, and attaching a metal key ring clip to her
lips.  Carr was injured and began to
bleed profusely, mostly from her nose. 
Appellant told her to get into the shower to wash off the blood and then
put her in bed and gave her a pill to relax her.  She fell asleep, and he left.

            Carr’s
ex–husband arrived sometime the next morning and saw her injuries.  He also noticed blood in various locations in
the house including on the carpet, the walls of one room, and the wall near the
stairs.  He called the police, and
Appellant was arrested.  








            A
Smith County grand jury indicted Appellant for the felony offense of aggravated
assault.  Appellant pleaded not guilty,
and a jury trial was held.  The jury
found Appellant guilty and assessed punishment at ninety-nine years of
imprisonment.  This appeal followed.

 

Sufficiency
of the Evidence

            In
his first issue, Appellant argues that the evidence was factually insufficient
to support the conviction.  Specifically,
Appellant argues that there was insufficient evidence that he used a deadly
weapon in the commission of the assault.

Standards of Review

            The
Texas Constitution requires that a conviction be supported by factually
sufficient evidence.  Clewis v.
State, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996).  To determine if the evidence is factually
sufficient, we review the evidence in a neutral light, and we determine whether
the evidence supporting the verdict is so obviously weak as to undermine our
confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000); see also Watson v. State, 204 S.W.3d
404, 417 (Tex. Crim. App. 2006) (Evidence is factually insufficient only when
reviewing court objectively concludes that the great weight and preponderance
of the evidence contradicts the jury’s verdict.).  Our factual sufficiency review begins with
the assumption that the evidence is legally sufficient under the Jackson
v. Virginia[1] standard.  See Clewis, 922 S.W.2d at 134. 

            Our
role is that of appellate review.  We
must defer to the jury’s determinations of credibility and the weight to be
given to evidence and are authorized to substitute our judgment on these
questions only to “a very limited degree.” 
Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006); Wesbrook v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App.
2000).  

Analysis

            To
prove that Appellant had committed aggravated assault, the State was required
to prove that he intentionally, knowingly, or recklessly caused bodily injury
to Brenda Carr and that he used or exhibited a deadly weapon in the commission
of the assault.  Tex. Penal Code Ann. § 22.02(a)(2)
(Vernon 2006).  It is the allegation that
Appellant used or exhibited a deadly weapon that elevated the offense as
alleged from assault to aggravated assault. 
Appellant does not contend that he did not assault and cause injury to
Brenda Carr or that he did not have a knife. 
Instead, Appellant argues that there was not sufficient evidence that
the knife was a deadly weapon. 

            Not
every knife is a deadly weapon.  See
Tex. Penal Code Ann. § 1.07(a)(A)
(Vernon 2006); Thomas v. State, 821 S.W.2d 616, 619–20 (Tex.
Crim. App. 1991).  As relevant to this
inquiry, a knife is a deadly weapon if, in the manner of its use or intended
use, it is capable of causing death or serious bodily injury.  Tex.
Penal Code Ann. § 1.07(a)(17)(B).  In making this factual determination, the jury
may consider all the surrounding facts, including the size and shape of the
knife, the manner of its use or intended use, the capacity of the knife to
produce death or serious bodily injury, the proximity of the parties, the
defendant’s threats, and whether the victim feared death or serious bodily
injury.  See Brown v. State,
716 S.W.2d 939, 946 (Tex. Crim. App. 1986); see also Thomas, 821
S.W.2d at 619–20.

            The
knife used in this case was not recovered. 
Carr testified that she never saw the handle of the knife, only the
blade.  And she never offered a
description of the knife in terms of how large or what shape it was.  There is no countervailing evidence about the
knife, so the question is whether the proof that it is a deadly weapon is so
weak that the verdict is clearly wrong and manifestly unjust.  See Watson, 204 S.W.3d
at 414–15.

            Although
a close question, there is sufficient evidence to show that the knife was a
deadly weapon.  Carr testified that she
knew Appellant to carry pocket knives and that she recognized this knife as one
of his pocket knives.  Furthermore, she
testified that Appellant pushed her up against a wall and held the knife to her
face.  As he did so, he cut her cheek
with the knife.  A photograph of the cut
was shown to the jury.  Carr testified
that she was afraid that she was going to die when Appellant was pushing her up
against the wall and cutting her face with the knife, and that a knife is
something that can kill a person.  It is
true that Carr testified that “a knife” could kill a person and never
specifically said the knife Appellant used could do so.  But the question came in the context of a
series of questions about the knife and the assault, and it was reasonable for
the jury to conclude that she was talking about the knife in question.  

            The
Texas Court of Criminal Appeals has held that an object can be a deadly weapon
if it is used to threaten deadly force.  See
McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).  The actor need not intend to use deadly force;
the object must merely be capable of being deadly.  Id.  Appellant’s use of the knife against Carr,
cutting into her face while pinning her to a wall, was a threat of deadly
force.  Her testimony describing the
event and her description of the knife as a pocket knife that could kill a
person are sufficient to support the verdict. 
We overrule Appellant’s first issue.

 

Ineffective
Assistance of Counsel

            In his
second issue, Appellant argues that he received ineffective assistance of
counsel.  Specifically, he argues that
counsel’s failure to file pretrial motions denied him his right to counsel.

Applicable Law

            Claims of
ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first
step requires the appellant to demonstrate that trial counsel’s representation
fell below an objective standard of reasonableness under prevailing
professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065; McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
In our review, we review the representation in its totality and not for
isolated or incidental deviations from professional norms.  See Strickland, 466 U.S.
at 695, 104 S.Ct. at 2069.

            The second
step requires the appellant to show prejudice from the deficient performance of
his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 770–71 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
show that there is a reasonable probability that the result of the proceeding
would have been different but for counsel’s deficient performance.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068.  

            We
begin with the strong presumption that counsel’s conduct falls with the wide
range of reasonable professional assistance. 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).  As part of this
presumption, we presume counsel’s actions and decisions were reasonable and
were motivated by sound trial strategy.  See
id.  Appellant has the burden
of proving ineffective assistance of counsel. 
See id.

Analysis

            Appellant’s
trial counsel did not file pretrial motions for discovery.  Appellant argues that his defense was
compromised because counsel’s failure to file those motions allowed the State
to call an expert witness who was not disclosed prior to trial and to introduce
evidence of Appellant’s previous assaults on the victim, also not disclosed
prior to trial.[2]  

            While
there was no hearing after trial on this question, Appellant’s counsel told the
trial court during trial that he had not filed motions because he was able to
get discovery simply by calling the District Attorney’s office.  Even if this is deficient performance, and
the presumption is to the contrary, see Strickland, 466
U.S. at 690, 104 S. Ct. at 2066, Appellant has not shown that he suffered any
prejudice.  See Roberson v. State,
852 S.W.2d 508, 511 (Tex. Crim. App. 1993) (Failure to obtain a ruling on
pretrial motions not shown to change the outcome.).

            The
State argued to the trial court that the expert witness and the extraneous
assault evidence should be allowed because they were necessary to rebut
inferences created by the cross examination of the complaining witness.  Specifically, Appellant’s counsel elicited
from the complaining witness that she had socialized with Appellant and spent
the night with him on several occasions after the assault.  The State offered the expert witness to
explain why an assault victim might behave that way and elicited information
about the previous assaults to show that she had previously gone back to
Appellant after an assault.  

            Appellant
does not argue or demonstrate that the trial court’s allowing this evidence as
rebuttal evidence was erroneous or that pretrial disclosure was a prerequisite
to admission.  Without this showing, we
cannot conclude that Appellant suffered prejudice as a result of the decisions
made by counsel.  Evidence of extraneous
offenses can be admissible to rebut defensive theories raised during cross
examination of the State’s witnesses.  See
Ransom v. State, 920 S.W.2d 288, 300–01 (Tex. Crim. App. 1994).  And rebuttal evidence can be offered in
certain instances even if the evidence is not disclosed prior to trial.  See Jaubert v. State, 74 S.W.3d 1,
4 (Tex. Crim. App. 2002).  Therefore, if
we assume the trial court properly allowed the evidence as rebuttal evidence,
and if we further assume that pretrial notice was not necessary, the failure to
file pretrial motions did not put Appellant in any worse position than if the
pretrial motions had been filed. 
Accordingly, Appellant has not met his burden to show that he suffered
prejudice as a result of his counsel not filing the pretrial motions.  We overrule Appellant’s second issue.

 

Disposition

            We affirm the judgment of the trial court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered June 6, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Under Jackson v. Virginia, 443
U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), evidence is legally
sufficient if, when viewing the evidence in a light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See
id., 443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

 





[2] In his brief Appellant also notes that counsel
did not file a motion for access to physical evidence, a motion seeking notice
of enhancements, or a motion seeking exculpatory material.  Appellant does not make any further arguments
about these matters and so cannot have shown a reasonable probability of a
different result had the motions been filed.