

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-065-CR

MARK GUTIERREZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one point, Appellant Mark Gutierrez appeals his conviction for possession of a controlled substance over one gram but under four grams, claiming that he received ineffective assistance of counsel at trial. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

On July 31, 2007, Carrollton Police Officer John Stovall was dispatched around midmorning to investigate a complaint about two men at the Waterford Park Apartments.[2] Officer Stovall testified that the complaint was made by the apartment complex's manager, maintenance man, or

> somebody who worked for the complex, [who] had called and apparently had some confrontation or a problem with two gentlemen who were there on the property that they had problems with on a prior occasion. And they had asked them to leave, and they refused to leave the property. So they contacted the police.

Officer Stovall stated that the complainant told him that he did not believe the two men were supposed to be on the property and that "they might even have been burglarizing an apartment or just in an apartment where they weren't supposed to be at." He testified that he did not know of any other offenses that occurred at the apartment complex.[3]

When Officer Stovall arrived five minutes after receiving the dispatch call, the two men had already departed. The complainant told Officer Stovall that

---

[2] The apartment complex is in the portion of Carrollton located within Denton County.

[3] When asked whether there was any evidence that the two men had done anything other than enter the property, Officer Stovall replied, "[A]s far as my knowledge, I don't know of any other offense that occurred there," and he stated that he did not follow up on the other allegations.

2

the parties had gone and were walking south down the sidewalk; he described them as a dark-skinned male and a light-skinned male.

Officer Stovall left the complex, looked south, and saw the two described individuals, one of whom was Gutierrez. Officer Stovall approached both of them without turning on his vehicle's overhead lights, and they made no attempt to evade him. For safety, Officer Stovall patted both parties down for weapons; he found none. The two men confirmed that they were involved in a disturbance at the apartment complex, and the officer ran a warrant check and discovered an outstanding arrest warrant issued out of Collin County for Gutierrez.

The officer arrested Gutierrez at Collin County's request. After handcuffing Gutierrez, the officer did another pat down search and found 1.6 grams of cocaine, as well as some marijuana, in a metal container in Gutierrez's front right pants pocket.

Gutierrez's trial counsel did not file a motion to suppress the evidence discovered during the second pat-down. Gutierrez pleaded not guilty to the offense charged and true to the enhancement paragraphs. A jury found Gutierrez guilty of possession of a controlled substance over one gram but under four grams, found that the enhancement paragraphs were true, and assessed punishment at eight years' confinement. This appeal followed.

### III. Ineffective Assistance of Counsel

Gutierrez's sole complaint is that he received ineffective assistance of counsel at trial because his trial counsel failed to (1) "file a meritorious motion to suppress" the cocaine found in Gutierrez's pocket and (2) object to the seized evidence at trial.

### A. Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the

4

reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.*, (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a

probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

**B. Analysis**

Failure to file a motion to suppress or to object to the admission of evidence does not demonstrate a deficiency of counsel per se. *See Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002), *cert. denied*, 538 U.S. 998 (2003); *Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.). To show that counsel's performance was deficient, Gutierrez was obliged to prove that the motion would have been granted or that the objection would have been sustained. *See Ortiz*, 93 S.W.3d at 93 (stating that a claim of ineffective assistance based on failure to object to the admission of evidence must establish that the evidence was inadmissible); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that, to prevail on a claim of ineffective assistance, appellant is "obliged to prove that a motion to suppress would have been granted"); *Roberson v. State*, 852 S.W.2d 508, 510–11 (Tex. Crim. App. 1993) (holding that without a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel is not ineffective for failing to assert the motion).

6

Gutierrez complains that Officer Stovall had no reasonable suspicion to detain him and that he should not have been detained. He argues that the arrest warrant did not attenuate the subsequent illegal search resulting from his unlawful detention and that, because he was illegally detained, his trial counsel's failure to file a motion to suppress the evidence discovered during the illegal detention amounted to ineffective assistance of counsel. We disagree.

Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005). Based on Officer Stovall's testimony, Gutierrez's trial counsel and the trial court, if counsel had presented a motion to suppress, could have believed that the officer had information sufficient to develop a reasonable suspicion of criminal activity based on the specific, articulable facts that he testified about at trial—that an apartment complex employee informed him of a confrontation or problem, including trespassing and possibly burglary, with some individuals who had refused to leave the property;[4] gave him a description of the two

---

[4] *See, e.g.*, Tex. Penal Code Ann. § 30.02 (Vernon 2003) (burglary); *id*. § 30.05 (Vernon Supp. 2008) (criminal trespass).

individuals involved; and told him in which direction the individuals had gone and that they had just left. *See Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000); *see also Hoag v. State*, 728 S.W.2d 375, 380–81 (Tex. Crim. App. 1987) (stating that a police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information and may conduct a limited search for weapons where it is reasonably warranted for his safety). Based on these facts, Gutierrez cannot show that the motion to suppress would have been granted or that an objection to the evidence would have been sustained.

Additionally, the discovery of an outstanding warrant during the detention broke the connection between the primary taint of the alleged unlawful detention, if any, and the subsequently discovered evidence. *See Johnson v. State*, 496 S.W.2d 72, 74 (Tex. Crim. App. 1973); *see also Lewis v. State*, 915 S.W.2d 51, 54 (Tex. App.—Dallas 1995, no pet.) (holding that discovery of outstanding warrants and the legal arrest under those warrants were intervening circumstances which attenuated the connection between any illegal detention and the discovery of heroin); *Reed v. State*, 809 S.W.2d 940, 947 (Tex. App.—Dallas 1991, no pet.) (holding that the second, legal arrest under the outstanding warrant purged the taint of any illegality from the initial arrest).

8

*But see St. George v. State*, 197 S.W.3d 806, 824 & n.71 (Tex. App.—Fort Worth 2006) (op. on reh'g en banc) (declining to address attenuation where the State did not raise it), *aff'd*, 237 S.W.3d 720 (Tex. Crim. App. 2007).[5] Therefore, even if Gutierrez's trial counsel had filed a motion to suppress, Gutierrez has failed to show a reasonable probability that the result of the proceeding would have been any different. *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. We overrule Gutierrez's sole point.

---

[5] Several courts have mentioned the policy issues that are problematic in drawing a line between deterring unlawful seizures on one hand and allowing a suspect with outstanding warrants for his arrest to go free. *See Fletcher v. State*, 90 S.W.3d 419, 421 (Tex. App.—Amarillo 2002, no pet.); *Neese v. State*, 930 S.W.2d 792, 802–03 (Tex. App.—Beaumont 1996, pet. ref'd); *Reed*, 809 S.W.2d at 948 n.3. However, those issues involve facts that are not pertinent to the instant case.

Furthermore, while Gutierrez cites *Sims v. State*, 84 S.W.3d 805 (Tex. App.—Houston [1st Dist.] 2002, no pet.), for the proposition that he should not have been detained in the first place, we note that even though the *Sims* court concluded that there was an unlawful detention, it also held, as we do here, that any taint from an initial illegality became attenuated upon discovery of an outstanding warrant, a legal arrest based on that warrant, and the discovery of evidence subsequent to that arrest. *Id*. at 807, 810.

**IV. Conclusion**

Having overruled Gutierrez's sole point, we affirm the trial court's judgment.

                              BOB MCCOY
                              JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 15, 2009