

# NUMBER 13-16-00410-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE JORGE PALACIOS GARZA

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Contreras**

Appellant Jorge Palacios Garza appeals the trial court's order denying his application for post-conviction writ of habeas corpus. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.072 (West, Westlaw through 2017 1st C.S.). By five issues, which we construe as four, appellant argues that the trial court erred in denying habeas relief because his trial counsel rendered ineffective assistance when he: (1) did not file a motion to suppress the evidence obtained from the search that resulted in appellant's arrest; (2) recommended that appellant enter a guilty plea before seeking to suppress that evidence; (3) did not present exculpatory evidence in the form of a video recording; and (4) did not

raise the issue of a possible conflict of interest between appellant and one of the officers who conducted the search. We affirm.

## I. BACKGROUND

Appellant was arrested and charged with two counts: (1) possession of a controlled substance with intent to deliver cocaine, four grams or more but less than 200 grams, a first-degree felony; and (2) possession of marijuana, five pounds or less but more than four ounces, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112, 481.115, 481.121(b)(3) (West, Westlaw through 2017 1st C.S.).

At the time of his arrest in 2007, appellant was married to Guillermina Garza.[1] However, the couple was having marital problems, and he was living in the garage of the home they owned and shared. Two days before his arrest for the two aforementioned charges, appellant was detained by police after showing up at Guillermina's parents' house.[2] Fearing retaliation from appellant as a result of this detention, Guillermina asked Mario Cavazos—her brother and a detective with the McAllen Police Department—to help her retrieve several guns that appellant kept in the garage of the home.

Guillermina gave consent to Detective Cavazos and responding Officer A.J. Lerma to enter and search the garage to retrieve the weapons. Multiple guns were taken and inventoried with the McAllen Police Department for "safe keeping" by Officer Lerma. In the garage, the officers also found in plain view the marijuana and cocaine that are the basis of appellant's charges, as well as drug paraphernalia. A home surveillance system that monitored the exterior of the home recorded the officers as they carried away the guns.

---

[1] The couple has since divorced.

[2] Appellant was detained for driving recklessly and for driving without insurance and ID.

On advice of counsel, appellant entered into a plea agreement: he pleaded guilty to the possession of marijuana charge and in exchange the State dismissed the charge for possession of a controlled substance. Appellant's trial counsel did not file a motion to suppress or otherwise challenge the legality of the search. Pursuant to the plea agreement, the trial court convicted appellant and sentenced him to 180 days in state jail, but suspended the sentence and placed him on community supervision for two years.

Almost eight years after the entry of the judgment, appellant filed a habeas application pursuant to Texas Code of Criminal Procedure article 11.072 contending that his trial counsel provided ineffective assistance. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.072. At the hearing, appellant's trial counsel testified that: (1) he did not perceive any conflict in Mario Cavazos's action as a law-enforcement officer while being appellant's brother-in-law; and (2) he made a conscious decision not to pursue a motion to suppress after reviewing the facts, but instead focused his efforts on seeking an agreement that would keep appellant from serving time in jail.

The trial court denied appellant's application for habeas relief and issued findings of fact and conclusions of law. This appeal followed.

## II.    DISCUSSION

### A. Standard of Review

To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *see Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). In reviewing a trial court's decision on habeas corpus relief, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Garcia,*

3

353 S.W.3d 785, 787–88 (Tex. Crim. App. 2011); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *State v. Arizmendi*, 519 S.W.3d 143, 165 (Tex. Crim. App. 2017).

We afford almost total deference to the habeas court's determination of historical facts that are supported by the record. *Ex parte Garcia*, 353 S.W.3d at 788. Likewise, we will defer to the habeas court's rulings on "application of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). On the other hand, if the resolution of the ultimate question turns on an application of legal standards absent any credibility issue, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d at 819.

### B. Applicable Law

A defendant in a criminal prosecution has a Sixth Amendment right to the effective assistance of counsel. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; TEX. CONST. art. I, § 10). We employ the United States Supreme Court's two-pronged *Strickland*[3] test to determine whether counsel's representation was inadequate so as to violate a defendant's Sixth Amendment right. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of prevailing professional norms; and (2) there is a reasonable probability that, but for

---

[3] *See Strickland v. Washington*, 466 U.S. 668 (1984).

counsel's deficiency, taking into account the totality of the evidence before the judge or jury, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Martinez*, 330 S.W.3d 891, 900–01 (Tex. Crim. App. 2011). Failure to show either deficient performance or sufficient prejudice under *Strickland* defeats a claim for ineffective assistance. *Thompson,* 9 S.W.3d at 813. These allegations must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

To show deficient performance, appellant must overcome the presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S.91, 100–01 (1955)). Thus, if there is any basis for concluding that counsel's conduct was strategic, then further inquiry is improper. *See Bell v. State*, 867 S.W.2d 958, 961 (Tex. App.—Waco 1994, no pet.). This is because the right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). We judge counsel's performance by the totality of the representation, and isolated errors or omissions of counsel do not amount to deficient performance. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

As to the prejudice prong of the test, a reasonable probability of a different outcome is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. It is not sufficient for appellant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, he must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

5

**C. Analysis**

**1. Absence of Motion to Suppress**

By his first issue, appellant argues that his trial counsel was ineffective for not filing a motion to suppress because Guillermina could not have consented to the search.

In order to satisfy *Strickland*, appellant must prove that the motion to suppress would have been granted. *See, e.g.*, *Ex parte Martinez*, 330 S.W.3d at 901; *Roberson v. State,* 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993) (en banc) (holding that, unless there is a showing that a pre-trial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion). In other words, to prevail on his claim of ineffective assistance of counsel, appellant had the burden to develop facts and details sufficient for the habeas court to conclude that there was no consent for the search or that any consent was invalid. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Ex parte Martinez*, 330 S.W.3d at 901; *Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010); *see also* TEX. CODE. CRIM. PROC. ANN. art. 38.23(a) (West, Westlaw through 2017 1st C.S.).

Appellant cites several cases as support for the proposition that Guillermina could not have consented to the search. However, while these cases address issues of third-party authority in some scenarios, they are inapplicable in a situation when, as here, consent is granted by a defendant's spouse.[4] In fact, "it is well established in this State

---

[4] Appellant cites the following: (1) *Becknell v. State*, 720 S.W.2d 526 (Tex. Crim. App. 1986); (2) *Hubert v. State*, 312 S.W.3d 554 (Tex. Crim. App. 2010); and (3) *Limon v. State*, 340 S.W.3d 753 (Tex. Crim. App. 2011). *Becknell* involved the question of whether a father had the authority to grant consent for a search of his son's bedroom. *Becknell*, 720 S.W.2d at 528. *Hubert* involved the question of whether a grandfather had the authority to grant consent for a search of his grandson's bedroom in the home they shared. *Hubert*, 312 S.W.3d at 556. *Limon* involved the question of whether a young teenager had authority, actual or apparent, to admit officers into a home. *Limon*, 340 S.W3d at 755.

that a wife may consent to the search of her husband's premises where the consent is given without coercion." *Burge v. State*, 443 S.W.2d 720, 722 (Tex. Crim. App. 1969).

Since Guillermina could consent to the search of the garage because she was appellant's spouse, appellant did not prove that a motion to suppress would have been granted. *See id.* Therefore, trial counsel's decision not to file a suppression motion does not constitute ineffective assistance. *See Jackson*, 973 S.W.2d at 957.

We overrule appellant's first issue.

### 2. Guilty Plea Recommendation

By his second issue, appellant argues that his trial counsel was ineffective for recommending that appellant enter a guilty plea without first seeking to suppress the search of appellant's premises.

In the context of guilty pleas, the first half of the *Strickland* test is applied in the same manner as in other contexts. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, the defendant must show that counsel's advice "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

Here, as a result of the possession of controlled substance charge, appellant was facing a possibility of up to 99 years imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.112(d); TEX. PENAL CODE ANN. §12.32 (West, Westlaw through 2017 1st C.S.). The record shows that appellant's trial counsel, in light of the potential of a life sentence, was focused on keeping appellant out of jail rather than pursuing pretrial matters as to which appellant would be unlikely to prevail. *See Burge*, 443 S.W.2d at 722.

In his efforts, trial counsel was able to negotiate a deal where the controlled-substance charge was dismissed in its entirety, and appellant did not have to serve time

7

in jail for the possession of marijuana charge. The record also shows that trial counsel considered the merits of a motion to suppress, as well as the possible consequence of raising such a motion on plea negotiations. Appellant's counsel believed that filing a motion to suppress might completely erase the possibility of a plea deal, which greatly increased the risk that appellant would face time behind bars. All of this indicates that the decision to enter a plea was reasonable. Further, as noted, a motion to suppress the search would likely have been denied.

We conclude that trial counsel's advice that appellant plead guilty was the product of strategy rather than inexperience, lack of knowledge, or lack of diligence in representation of his client, and that it did not fall beyond an objective standard of reasonableness. *See Strickland*, 466 U.S. at 689; *Bell*, 867 S.W.2d at 961.

We overrule appellant's second issue.

### 3. Home Video

By his third issue, appellant argues that his trial counsel was ineffective for not presenting to the State a video recording which appellant claims was exculpatory. Appellant argues that the video could have been used to show the police report contained false statements; the video shows officers carrying away multiple rifles, while the police report states that only three rifles were removed.

We do not need to analyze the two prongs of *Strickland* in any particular order, and we turn to the prejudice prong first. *Ex parte Martinez*, 330 S.W.3d at 901. Exculpatory evidence is evidence which tends to justify, excuse or clear the defendant from alleged fault or guilt. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992) (en banc). Impeachment evidence is that which is offered to dispute, disparage, deny, or contradict a witness' testimony or other evidence. *Id.*

8

Here, the video recording shows the officers carrying away from the house more rifles than the three reported in the police report. However, the video has no audio, no footage of the interior of the garage or of the entryway the officers used to access the garage, and no footage of any interaction between Guillermina and the responding officers as to consent—the determinative issue in the admission of the drugs that were the basis of appellant's charges.

Given that Guillermina did not prepare the police report, the video has no bearing on her credibility, and it does not clear appellant from fault or guilt. Thus, while the video may have some impeachment value as to Officer Lerma or maybe Detective Cavazos, we cannot conclude that the video contains exculpatory evidence. *Harm v. State*, 183 S.W.3d 403, 408 (Tex. Crim. App. 2006) (en banc) ("Exculpatory evidence may justify, excuse, or clear the defendant from fault, while impeachment evidence is that which disputes or contradicts other evidence."). Therefore, appellant cannot satisfy the "likelihood of a different outcome" prong under *Strickland* to prevail on his ineffective assistance claim. *See Strickland*, 466 U.S. at 689.

We overrule appellant's third issue.

**4. Possible Conflict of Interest**

By his fourth issue, appellant claims that his trial counsel was ineffective for not raising an issue about a possible conflict of interest between appellant and Detective Cavazos. Appellant claims that a conflict of interest existed because appellant's arrest and conviction would have benefited Detective Cavazos' sister, Guillermina, in a divorce action against appellant.

However, appellant does not cite any authority in support of this proposition or for the proposition that a law-enforcement officer is barred from assisting a family member in

9

the officer's official capacity. Additionally, the record shows that: (1) trial counsel did not perceive any conflict of interest between appellant and Detective Cavazos; (2) trial counsel considered Cavazos's relationship to appellant to be a potential advantage for appellant; and (3) the trial court found that trial counsel was "familiar with the law in all areas that applied in the case at bar." Therefore, appellant has not established his right to relief based on this claim. *See Strickland*, 466 U.S. at 687; *Ex parte Richardson*, 70 S.W.3d at 870; *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011) (holding that a stop or search that is objectively reasonable is not vitiated by the fact that the officer's real reason for making the stop or search has nothing to do with the validating reason).

We overrule appellant's fourth issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of January, 2018.

10