COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| PABLO AGUERO, | | No. 08-06-00250-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20050D00929) |
| | § | |

## O P I N I O N

Pablo Aguero appeals his convictions of sexual assault of a child (Counts I-IV), indecency with a child (Counts V-VI), and aggravated sexual assault of a child (Counts VII-VIII). A jury found Appellant guilty of all eight counts and assessed his punishment at imprisonment for 20 years and a $5,000 fine in Counts I-VI and imprisonment for 99 years and a $10,000 fine in Counts VII-VIII. Finding no error, we affirm.

### FACTUAL SUMMARY

Appellant married Cynthia on July 29, 1995. At the time of the marriage, Cynthia had a six-year-old daughter, Monica, from a prior relationship. The couple had two children of their own during the marriage. Appellant began molesting Monica when she was eight years old and the abuse continued daily until November 11, 2004, just a few days before her sixteenth birthday. Monica's younger brother, who had seen Appellant and Monica showering and in bed together, told their mother something that caused her to question Monica.[1] Monica confided in her mother about the

---

[1] In an apparent effort to avoid a hearsay objection, the prosecutor did not elicit from Cynthia the details of her son's statements which prompted her to question Monica.

ongoing sexual abuse and Cynthia immediately called the police. Appellant was not home at the time. When he came home, Cynthia told him what Monica had said and asked him why he had done it. Appellant denied wrongdoing and insisted on speaking to Monica, but Cynthia would not let him. The police arrived and also instructed Appellant that he could not speak with Monica. When Appellant refused the officers' orders not to approach his stepdaughter, they arrested him for interference with public duties. He was also arrested based on some outstanding traffic warrants.

The police transported Appellant to a police substation and Detective Joe Zimmerly advised him of his *Miranda*[2] rights. Appellant waived his rights and gave a written statement admitting that he had been engaging in various types of sexual acts with Monica for several years. According to Appellant, Monica had started "coming on to [him]" when she was about nine years old and they began a sexual relationship. At first, the sexual contact consisted of oral sex but Appellant began having intercourse with Monica when she was in the eighth grade. He denied engaging in anal intercourse with her. The last sexual encounter had been the previous Saturday when he took Monica to a motel and engaged in oral sex and intercourse with her. Appellant said that Monica enjoyed the sexual relationship and was a willing participant.

Monica disputed Appellant's account regarding her willingness to participate. She testified that Appellant started touching her breasts and vagina when she was eight years old and began performing oral sex on her when she was ten or eleven. He began making her perform oral sex on him when she was twelve and this progressed to sexual intercourse when she was fourteen years old. Appellant also engaged in anal intercourse when she was fourteen or fifteen. In stark contrast with Appellant's description of her enjoying the sexual contact, Monica testified that her first sexual intercourse with Appellant was the worst day of her life. She also testified that when the abuse

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

began, she was scared and did not know what he was doing to her. If she protested or resisted, Appellant pressured her until she complied with his requests. She did not tell her mother what was happening because she was afraid Appellant would become violent towards her or her mother.

**MOTION TO SUPPRESS**

In Issue One, Appellant contends that the trial court erred by overruling the motion to suppress his written statement. We understand Appellant to argue that the written statement should have been suppressed because the police lacked probable cause to arrest him for resisting arrest. He also complains that the police lacked reasonable suspicion to detain him. The State responds that the arguments raised on appeal are waived because Appellant affirmatively stated he had no objection when the State offered the written statement into evidence at trial.

*Waiver*

Appellant filed a pretrial motion to suppress the written statement on five grounds: (1) he was not properly advised of his *Miranda* rights; (2) the statement was involuntary because it was the result of pressure and coercion by law enforcement agents; (3) the statement is the fruit of an illegal arrest; (4) the statement was taken in violation of Appellant's right to remain silent guaranteed by the Texas and United States Constitutions; and (5) the statement was taken in violation of Appellant's right to counsel. At the beginning of the hearing, the trial court asked Appellant the basis of his motion, and counsel replied, "Coercion of my client." Detective Joe Zimmerly was the only witness to testify at the suppression hearing. Zimmerly testified that Appellant was arrested based on traffic warrants and for either "resisting or interfering." It was Zimmerly's understanding that Appellant was trying to get to the child at the scene and would not listen to the police officers' commands. He was "taken down and placed under arrest for that." The police officers also ran him on warrants and took him to the substation. Zimmerly testified that he gave Appellant his *Miranda*

warnings prior to any questioning, Appellant waived his constitutional rights, and he voluntarily provided the written statement. Zimmerly did not threaten Appellant or do anything improper to coerce him into giving the written statement. Appellant read the statement as Zimmerly typed it because it was visible on the computer monitor. Zimmerly also gave Appellant a printed hard copy to read before he signed it. He recalled that Appellant read it slowly but he had no doubt Appellant read the statement before signing it. Appellant's attorney did not make any argument at the conclusion of the hearing and the trial court denied the motion to suppress.

As required by Article 38.22, § 6 of the Code of Criminal Procedure, the trial court entered written findings of fact and conclusions of law regarding the voluntariness of the confession. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 2005). In support of his conclusion that Appellant's statement was voluntary, the trial court judge found that: Appellant was properly admonished of his *Miranda* rights; Appellant was not coerced, enticed, or promised anything in return for making the statement; Appellant was not under the influence of any drug or alcohol when he made the statement; Appellant's decision to make the statement was not influenced by any failure to immediately take him before a magistrate or by any factor other than his desire to give the statement; and Appellant willingly and without coercion of any kind cooperated with law enforcement in making the statement.

At trial, the prosecutor offered the written statement into evidence through Detective Zimmerly, and Appellant's attorney took Zimmerly on *voir dire*. He asked Zimmerly whether Appellant was able to read the statement before he signed it because his glasses had been broken when he was arrested. Zimmerly could not recall whether Appellant was wearing glasses when he gave the statement, but he was sure Appellant had the ability to read the statement because Zimmerly had made Appellant read portions of it aloud while Zimmerly was typing it. The prosecutor re-

offered the written statement into evidence and Appellant's attorney stated that he had no objection. The trial court admitted the written statement into evidence. On re-direct, the prosecutor elicited testimony that Appellant had made corrections to the statement after reading it and before he signed it. During cross-examination of Zimmerly, Appellant's attorney returned to the issue of Appellant's behavior at the apartment which led to his arrest. Zimmerly testified that Appellant was arrested for interference with public duties[3] because he kept insisting on talking to Monica and would not obey the officers' orders to not approach her. Zimmerly did not recall seeing any bruises or lacerations on Appellant's face when he gave the written statement but he would have noted in his report if Appellant had visible injuries.

To preserve error on appeal, the complaining party must make a timely, specific objection and obtain a ruling on the objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). Further, a party must continue to object every time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); *Gillum v. State*, 888 S.W.2d 281, 285 (Tex.App.--El Paso 1994, pet. ref'd). When a party objects outside the presence of the jury to all of the testimony he deems objectionable as permitted by Texas Rule of Evidence 103(a)(1), he is not required to object again in the presence of the jury. TEX.R.EVID. 103(a)(1); *see Ethington*, 819 S.W.2d at 858-59 (discussing similar provision in former Rule 52(a) of Rules of Appellate Procedure). However, if he affirmatively states that he has "no objection" when the objectionable evidence is offered in the jury's presence, he waives his complaint regarding the admissibility of the evidence. *Dean v. State*, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.). Moreover, Appellant did not object in

---

[3] A person commits interference with public duties if the person, with criminal negligence, interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law. TEX.PENAL CODE ANN. § 38.15(a)(1)(Vernon Supp. 2007).

his motion to suppress or at trial based on the legality of his detention. Therefore, this complaint is waived. TEX.R.APP.P. 33.1(a). We overrule Issue One.

## INEFFECTIVE ASSISTANCE

In Issue Two, Appellant asserts that he was denied the effective assistance of counsel at trial because his attorney (1) failed to present evidence showing that the written statement was obtained after Appellant was assaulted by members of the El Paso Police Department which resulted in his hospitalization, and (2) failed to object to the written statement on the ground that there was no probable cause for his arrest.

### Standard of Review

The standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S.W.2d at 771.

When we review a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial

strategy. *Jackson*, 877 S.W .2d at 771. In any case analyzing the effective assistance of counsel, we begin with the strong presumption that counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The defendant must rebut the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771. If the record is silent as to the facts, circumstances, and rationale behind an attorney's particular course of action, we are compelled to find that the defendant did not rebut the presumption that it was a reasonable one. *See Thompson*, 9 S.W.3d at 814.

### *Failure to Present Evidence of Assault and Coercion*

Appellant first alleges that trial counsel's performance was deficient because he failed to offer evidence at the suppression hearing that Appellant confessed after being assaulted by police officers. It is Appellant's burden to prove that a motion to suppress would have been granted on this ground in order to satisfy *Strickland*. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998)(defendant claiming he was denied effective assistance of counsel by trial counsel's failure to file motion to suppress was required to prove that motion to suppress would have been granted); *Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex.Crim.App. 1993)(unless there is a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion). Further, allegations of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001); *Thompson*, 9 S.W.3d at 814.

Appellant was sentenced in open court on August 7, 2006. On August 24, 2006, Appellant timely filed a motion for new trial alleging jury misconduct and insufficient evidence, but he did not present any allegations of ineffective assistance of counsel. The trial court signed an order denying

the motion for new trial on August 25, 2006. On September 7, 2006, thirty-one days after the sentencing, Appellant filed an untimely amended motion for new trial[4] asserting that trial counsel failed to present evidence that Appellant was assaulted by police at the time of his arrest and he subsequently gave an involuntary written statement. In addition to being untimely, the motion was not supported by affidavit. The trial court did not conduct a hearing or rule on the untimely amended motion for new trial. Thus, we are presented with a record which contains no evidence showing that Appellant was assaulted or injured by law enforcement officers at the time of his arrest or prior to giving his written statement to Detective Zimmerly. Nor is there evidence that the written statement is the product of coercion. Appellant's unsubstantiated allegations of police brutality and coercion do not constitute evidence and are insufficient to establish that a pretrial motion to suppress on this ground had merit. Consequently, Appellant has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. Appellant's first allegation of deficient performance is without merit.

*Failure to Assert Lack of Probable Cause*

Appellant also maintains that counsel's performance was deficient because he failed to seek suppression or exclusion of the written statement on the ground that the police officers lacked probable cause to arrest Appellant for resisting arrest. Although Detective Zimmerly initially stated at the suppression hearing that Appellant was arrested for either resisting arrest or interference with public duties, he clarified at trial that Appellant was arrested for interference with public duties. He also testified at both the suppression hearing and at trial that Appellant was arrested for outstanding traffic warrants. Given that Appellant was not arrested for resisting arrest, an argument that the

---

[4] An amended motion for new trial is due to be filed within 30 days after the date when the trial court imposes sentence in open court but before the court overrules any preceding motion for new trial. TEX.R.APP.P. 21.4(b).

police lacked probable cause to arrest Appellant for that offense could not have resulted in suppression of the written statement. Even if the police had also arrested Appellant for resisting arrest and assuming the police lacked probable cause for such an arrest, other valid grounds existed for the arrest. Appellant has not established that the arrest based on the outstanding traffic warrants was invalid or that the police lacked probable cause to arrest Appellant for interference with public duties. Therefore, Appellant has not shown that a motion to suppress should have been granted because the police lacked probable to arrest Appellant for resisting arrest.

*Reason for the Arrest*

Finally, Appellant argues that the record does not reflect why Appellant was arrested. He does not clearly tie this argument to an allegation of ineffective assistance of counsel but we construe his argument as faulting counsel for not attempting to suppress the written statement on this ground. As we have already discussed, the record shows Appellant was arrested for interference with public duties and based on outstanding traffic warrants. The interference with public duties charge was based on Appellant's refusal to obey the officer's commands to not approach the child victim at the scene. There is nothing in the record to indicate that Appellant's arrest for interference with public duties or his arrest based on the outstanding warrants was invalid. Appellant's argument is therefore without merit. Because Appellant has failed to carry his burden of establishing ineffective assistance of counsel, we overrule Issue Two and affirm the judgment of the trial court.

June 26, 2008

_____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)