COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: JESUS TORRES, | § | No. 08-10-00330-CR |
| Appellant. | § | Appeal from the |
| | § | 243rd Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 20060D01655-243-1) |
| | § | |

**O P I N I O N**

Jesus Torres appeals the trial court's denial of his post-conviction application for writ of habeas corpus. Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 28, 2005, Appellant stopped at a traffic checkpoint and was cited for not having his driver's license or proof of insurance. Appellant's wife and son were following in another vehicle. At the checkpoint, Appellant's wife was detained for involvement in possible drug activity. As a result, the police took custody of Appellant's son, but released him to Appellant's mother-in-law. As a result, Appellant returned to the scene to learn more about the detention of his family, but police instructed him to leave. As Appellant drove away, the police learned that there were outstanding warrants for his arrest, and they proceeded to follow, stop, and arrest Appellant. The police conducted an inventory of Appellant's vehicle and found cocaine inside the vehicle.

Appellant was indicted by a grand jury for cocaine possession in a quantity of four grams or more but less than 200 grams. On September 19, 2006, Appellant's attorney filed a motion to

suppress the evidence and a hearing was set on November 16, 2006. In November, Appellant continued the hearing, filed a motion to substitute counsel, and Daniel Anchondo entered as substitute counsel for Appellant. The suppression hearing was last set for March 29, 2007. On that date, a new setting was scheduled indicating a plea/judge's conference to take place in April 2007. There was no evidence in the record indicating why the suppression motion was not going to be heard.

In April, the plea/judge's conference was reset for July 23, 2007. On July 23, 2007, as part of a plea bargain, Appellant pleaded guilty to the charged offense and the State sought deferred adjudication for a period not to exceed ten years. The trial court admonished Appellant, accepted his plea, deferred adjudication, and placed Appellant on community supervision for seven years. In 2010, upon facing removal proceedings, Appellant filed for habeas corpus relief. In his writ, Appellant alleged that he received ineffective assistance of counsel because Anchondo, his second attorney, failed to file a motion to suppress the cocaine. The State responded that Appellant failed to establish Anchondo's ineffective assistance because the record showed that a motion to suppress had previously been filed and remained pending. The State also argued that Appellant could not prove that his motion to suppress would have been granted because the evidence was obtained when Appellant was detained and arrested for outstanding warrants. The trial court denied Appellant's application for habeas relief, and found that Appellant failed to prove ineffective assistance of counsel because his first attorney's motion to suppress had been pending at the time he pleaded guilty. This appeal followed.

## DISCUSSION

In three issues on appeal, Appellant contends that the trial court abused its discretion by

2

failing to adequately address the merits of his ineffective assistance of counsel claim. Appellant complains Anchondo rendered ineffective assistance of counsel because: (1) Anchondo failed to move to suppress the cocaine as the product of an illegal traffic stop; (2) Anchondo failed to move to suppress the cocaine as the product of an illegal search of his vehicle; and (3) Anchondo failed to move to suppress the cocaine based on the police's unlawful detention of Appellant's son at the police checkpoint on the day in question. Under Issue One, Appellant also asserts two sub-arguments that: (1) the denial of his writ was error because the motion to suppress filed by his first attorney was generic and global; and (2) the denial of his writ was error because Anchondo rendered ineffective assistance when he failed to schedule a hearing on the pending motion to suppress.

*Standard of Review*

An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We apply an abuse of discretion standard when reviewing a trial court's decision to grant or deny habeas relief, and we review the evidence in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We give almost total deference to the trial court's determination of the historical facts, particularly when the fact findings are based on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). If the trial court's ruling on mixed questions of law and fact turns on an evaluation of credibility and demeanor, we afford that same level of total deference. *Id.* If the resolution of those mixed questions of law and fact depend on an application of legal standards our review is *de novo*. *Id.*

## Preservation of Error

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the court aware of the complaint. TEX. R. APP. P. 33.1. In Issue One, Appellant asserts two sub-arguments: (1) that the trial court erred in denying habeas relief as to all three grounds asserted in his writ because the motion to suppress filed by his first attorney was generic and global; and (2) even if the motion to suppress filed by his first attorney was adequate, the trial court's denial of his writ was erroneous because Anchondo rendered ineffective assistance of counsel because he did not schedule a hearing on the motion. Because the record does not show that Appellant objected to the inadequacy of the motion to suppress filed by his first attorney or that he argued to the trial court that Anchondo rendered ineffective assistance of counsel for failing to schedule a hearing on the pending motion, he failed to preserve his complaints for our review. *See* TEX. R. APP. P. 33.1; *see Ex parte Jones*, No. 2-07-388-CR, 2008 WL 3185168, at *10 (Tex. App. – Fort Worth Aug. 07, 2008, pet. ref'd) (mem. op., not designated for publication) (finding that appellant failed to preserve issues for appellate review because the arguments were never presented to or considered by the trial court).

## Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Appellant must satisfy a two-prong test by a preponderance of evidence showing that: (1) his attorney's performance was deficient; and that (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Under the first prong, the attorney's performance must

4

be shown to have fallen below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Namely, Appellant must prove that his attorney's conduct fell below the professional standard. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Under the second prong, Appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Appellant also bears the burden of proving that his motion to suppress would have been granted. *See Jackson*, 973 S.W.2d at 957 (defendant claiming ineffective assistance of counsel by attorney's failure to file motion to suppress had to prove motion would have been granted); *Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (an attorney will not be found ineffective for failing to assert a pretrial motion unless defendant can show that the motion had merit and that a ruling on the motion would have changed the outcome). If the two-pronged test is not satisfied the ineffective assistance of counsel claim is defeated. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

On review, we presume that the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (quoting *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). Accordingly, ineffective assistance claims must be firmly found in the record, and the record must affirmatively show the alleged ineffectiveness. *Mallett*, 65 S.W.3d at 63 (quoting *Thompson*, 9 S.W.3d at 814). When the record is silent and does not provide an explanation for the attorney's conduct, the strong

presumption of reasonable assistance is not overcome. *Rylander*, 101 S.W.3d at 110-11. We do not engage in speculation to find ineffective assistance when the record is silent as to an attorney's strategy at trial. *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).

Here, the record reflects that Appellant's first attorney filed a motion to suppress evidence and that it was set to be heard on November 16, 2006. The trial court granted Appellant's motion to continue the suppression hearing. During this time, Appellant hired Anchondo as substitute counsel. The motion was last set for a hearing on March 29, 2007 and Anchondo had notice of the pending motion to suppress. We note that the record reflects that no hearing was held and no ruling was ever made on the pending motion to suppress. Instead on March 29, 2007, the last date a hearing was set, the case was reset for a plea/judge's conference. On July 23, 2007, Appellant pleaded guilty to possession of cocaine as part of a plea bargain and received seven years of community supervision.

The record before us on appeal shows that Appellant's ineffective assistance claim is not firmly founded in the record. The record is silent as to Anchondo's strategy or reasoning for not filing a second motion or for not obtaining a ruling on the pending motion to suppress. The record reflects that Appellant did not file an affidavit from Anchondo. Consequently, we do not know what advice Anchondo rendered to Appellant before or during the plea/judge's conference. The record merely shows that a motion to suppress was filed, the suppression hearing was continued, no hearing was ever held, no ruling was made on the motion, and Appellant entered a guilty plea as the result of a plea bargain. Based on this evidence, we decline to find that Anchondo engaged in conduct that fell below an objective standard of reasonableness. *See Rylander*, 101 S.W.3d at 111 (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective").

6

Because the record fails to affirmatively demonstrate the alleged ineffective assistance of counsel and because Appellant has failed to carry his burden of establishing ineffective assistance of counsel, we overrule Issues One, Two, and Three. *See Rylander*, 101 S.W.3d at 110-11; *Mallett*, 65 S.W.3d at 59; *Jackson*, 973 S.W.2d at 957.

## CONCLUSION

We affirm the trial court's denial of habeas corpus relief.

GUADALUPE RIVERA, Justice

April 25, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

7