COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 EX PARTE: JESUS TORRES,
  
                            
 Appellant. 
  
  
  
  
                            
 
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-10-00330-CR
  
 Appeal from the
  
 243rd
 Judicial District Court
  
 of El
 Paso County, Texas
  
 (TC#
 20060D01655-243-1)
  
 
 


 

O P I N I O N

Jesus Torres appeals the
trial court’s denial of his post-conviction application for writ of habeas
corpus.  Finding no error, we affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

On December
28, 2005, Appellant stopped at a traffic checkpoint and was cited for not
having his driver’s license or proof of insurance.  Appellant’s wife and son were following in
another vehicle.  At the checkpoint, Appellant’s
wife was detained for involvement in possible drug activity.  As a result, the police took custody of
Appellant’s son, but released him to Appellant’s mother-in-law.  As a result, Appellant returned to the scene
to learn more about the detention of his family, but police instructed him to
leave.  As Appellant drove away, the
police learned that there were outstanding warrants for his arrest, and they
proceeded to follow, stop, and arrest Appellant.  The police conducted an inventory of
Appellant’s vehicle and found cocaine inside the vehicle.

Appellant was indicted by a grand jury for cocaine possession in a
quantity of four grams or more but less than 200 grams.  On September 19, 2006, Appellant’s attorney filed
a motion to suppress the evidence and a hearing was set on November 16, 2006.  In November, Appellant continued the hearing,
filed a motion to substitute counsel, and Daniel Anchondo entered as substitute
counsel for Appellant.  The suppression hearing
was last set for March 29, 2007.  On that
date, a new setting was scheduled indicating a plea/judge’s conference to take
place in April 2007.  There was no
evidence in the record indicating why the suppression motion was not going to
be heard.

In April, the plea/judge’s conference was
reset for July 23, 2007.  On July 23,
2007, as part of a plea bargain, Appellant pleaded guilty to the charged
offense and the State sought deferred adjudication for a period not to exceed
ten years.  The trial court admonished
Appellant, accepted his plea, deferred adjudication, and placed Appellant on
community supervision for seven years.  In
2010, upon facing removal proceedings, Appellant filed for habeas corpus
relief.  In his writ, Appellant alleged
that he received ineffective assistance of counsel because Anchondo, his second
attorney, failed to file a motion to suppress the cocaine.  The State responded that Appellant failed to
establish Anchondo’s ineffective assistance because the record showed that a
motion to suppress had previously been filed and remained pending.  The State also argued that Appellant could
not prove that his motion to suppress would have been granted because the
evidence was obtained when Appellant was detained and arrested for outstanding
warrants.  The trial court denied
Appellant’s application for habeas relief, and found that Appellant failed to
prove ineffective assistance of counsel because his first attorney’s motion to
suppress had been pending at the time he pleaded guilty.  This appeal followed.








DISCUSSION

In three issues on appeal, Appellant
contends that the trial court abused its discretion by

failing to adequately address the merits of his ineffective
assistance of counsel claim.  Appellant complains
Anchondo rendered ineffective assistance of counsel because:  (1) Anchondo failed to move to suppress the
cocaine as the product of an illegal traffic stop; (2) Anchondo failed to move
to suppress the cocaine as the product of an illegal search of his vehicle; and
(3) Anchondo failed to move to suppress the cocaine based on the police’s unlawful
detention of Appellant’s son at the police checkpoint on the day in question.  Under Issue One, Appellant also asserts two
sub-arguments that:  (1) the denial of his
writ was error because the motion to suppress filed by his first attorney was
generic and global; and (2) the denial of his writ was error because Anchondo rendered
ineffective assistance when he failed to schedule a hearing on the pending
motion to suppress.

Standard of Review

            An applicant
seeking post-conviction habeas corpus relief bears the burden of establishing
by a preponderance of the evidence that the facts would entitle him to relief.  Ex parte
Richardson, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).  We apply an abuse of discretion standard when
reviewing a trial court’s decision to grant or deny habeas relief, and we
review the evidence in the light most favorable to the trial court’s ruling.  Kniatt
v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  We give almost total deference to the trial
court’s determination of the historical facts, particularly when the fact findings
are based on an evaluation of credibility and demeanor.  Ex parte
Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), overruled on other grounds by Ex parte Lewis, 219 S.W.3d 335 (Tex.
Crim. App. 2007).  If the trial court’s
ruling on mixed questions of law and fact turns on an evaluation of credibility
and demeanor, we afford that same level of total deference.  Id.  If the resolution of those mixed questions of
law and fact depend on an application of legal standards our review is de novo. 
Id.

Preservation of Error

To preserve a complaint for
appellate review, the record must show that the complaint was made to the trial
court by a timely request, objection, or motion that stated the grounds for the
ruling that the complaining party sought from the trial court with sufficient
specificity to make the court aware of the complaint.  Tex. R.
App. P. 33.1.  In Issue One, Appellant asserts two sub-arguments:
 (1) that the trial court erred in
denying habeas relief as to all three grounds asserted in his writ because the
motion to suppress filed by his first attorney was generic and global; and (2) even
if the motion to suppress filed by his first attorney was adequate, the trial
court’s denial of his writ was erroneous because Anchondo rendered ineffective
assistance of counsel because he did not schedule a hearing on the motion.  Because the record does not show that
Appellant objected to the inadequacy of the motion to suppress filed by his
first attorney or that he argued to the trial court that Anchondo rendered
ineffective assistance of counsel for failing to schedule a hearing on the
pending motion, he failed to preserve his complaints for our review.  See Tex. R. App.
P. 33.1; see Ex parte Jones, No. 2-07-388-CR, 2008 WL 3185168,
at *10 (Tex. App. –
Fort Worth Aug. 07, 2008, pet. ref’d) (mem. op., not designated for
publication) (finding that appellant failed to preserve issues for appellate
review because the arguments were never presented to or considered by the trial
court).

Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Appellant
must satisfy a two-prong test by a preponderance of evidence showing that:
 (1) his attorney’s performance was
deficient; and that (2) his attorney’s deficient performance deprived him of a
fair trial.  Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984); Ex parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim.
App. 2005).  Under the first
prong, the attorney’s performance must be shown to have fallen below an objective
standard of reasonableness.  Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Namely, Appellant must prove that his attorney’s
conduct fell below the professional standard. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Under the second
prong, Appellant must establish that there is a reasonable probability that but
for his attorney’s deficient performance, the outcome of his case would have
been different.  See Strickland,
466 U.S. at 694; Thompson, 9 S.W.3d at 812.  “Reasonable probability” is that which is “sufficient
to undermine confidence in the outcome.” 
Strickland, 466 U.S. at 694; Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  Appellant also bears the burden of proving
that his motion to suppress would have been granted.  See Jackson,
973 S.W.2d at 957 (defendant claiming ineffective assistance of counsel by
attorney’s failure to file motion to suppress had to prove motion would have
been granted); Roberson v. State,
852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (an attorney will not be found
ineffective for failing to assert a pretrial motion unless defendant can show
that the motion had merit and that a ruling on the motion would have changed
the outcome).  If the two-pronged
test is not satisfied the ineffective assistance of counsel claim is defeated.  Rylander v. State, 101 S.W.3d 107,
110-11 (Tex. Crim. App. 2003).

On review, we presume that the attorney’s representation
fell within the wide range of reasonable and professional assistance.  Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001) (quoting Tong v.
State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)).  Accordingly, ineffective assistance claims
must be firmly found in the record, and the record must affirmatively show the
alleged ineffectiveness.  Mallett, 65 S.W.3d at 63 (quoting Thompson,
9 S.W.3d at 814).  When the record is
silent and does not provide an explanation for the attorney’s conduct, the
strong presumption of reasonable assistance is not overcome.  Rylander, 101 S.W.3d at 110-11.   We do
not engage in speculation to find ineffective assistance when the record is
silent as to an attorney’s strategy at trial.  Robinson v. State, 16 S.W.3d 808, 813 n.7
(Tex. Crim. App. 2000).

Here, the record reflects that Appellant’s
first attorney filed a motion to suppress evidence and that it was set to be
heard on November 16, 2006.  The trial
court granted Appellant’s motion to continue the suppression hearing.  During this time, Appellant hired Anchondo as
substitute counsel.  The motion was last
set for a hearing on March 29, 2007 and Anchondo had notice of the pending
motion to suppress.  We note that the
record reflects that no hearing was held and no ruling was ever made on the
pending motion to suppress.  Instead on
March 29, 2007, the last date a hearing was set, the case was reset for a plea/judge’s
conference.  On July 23, 2007, Appellant
pleaded guilty to possession of cocaine as part of a plea bargain and received
seven years of community supervision.

The record before us on appeal shows that
Appellant’s ineffective assistance claim is not firmly founded in the
record.  The record is silent as to
Anchondo’s strategy or reasoning for not filing a second motion or for not obtaining
a ruling on the pending motion to suppress. 
The record reflects that Appellant did not file an affidavit from
Anchondo.  Consequently, we do not know
what advice Anchondo rendered to Appellant before or during the plea/judge’s conference.  The record merely shows that a motion to
suppress was filed, the suppression hearing was continued, no hearing was ever
held, no ruling was made on the motion, and Appellant entered a guilty plea as
the result of a plea bargain.  Based on
this evidence, we decline to find that Anchondo engaged in conduct that fell
below an objective standard of reasonableness. 
See Rylander, 101 S.W.3d at 111 (noting that “trial counsel
should ordinarily be afforded an opportunity to explain his actions before being
denounced as ineffective”).

Because the record fails to affirmatively
demonstrate the alleged ineffective assistance of counsel and because Appellant
has failed to carry his burden of establishing ineffective assistance of
counsel, we overrule Issues One, Two, and Three.  See Rylander, 101 S.W.3d at 110-11; Mallett, 65 S.W.3d at 59; Jackson,
973 S.W.2d at 957.

CONCLUSION

We affirm the trial court’s denial of habeas
corpus relief.

 

                                                                        GUADALUPE
RIVERA, Justice

April 25, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)