**Affirmed and Memorandum Opinion filed June 17, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00102-CR

---

## SAUL PENA, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1315956**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Saul Pena of aggravated robbery and assessed punishment at thirty years' confinement. Appellant challenges his conviction and sentence in four issues, alleging that the State made improper jury arguments, trial counsel was ineffective, and the trial court erred by admitting and excluding certain evidence. We affirm.

# I.   BACKGROUND

Two men robbed the complainant and his wife at gunpoint inside their home, taking jewelry worth over $22,000, a pistol, and $1,000 in cash. The complainant testified that he had recognized one of the robbers as appellant but did not know his name. The complainant had seen appellant about a week before the robbery at the house of a man who sold the complainant a Cadillac.

After the robbery, the complainant learned appellant's nickname was "Pelos," and gave that name to the police. Houston Police Department Officer Robert Segura, who was working in the department's gang unit, searched for "Pelos" in a departmental database and found appellant's name and photograph. Segura showed a six-man photospread to the complainant and his wife, and each of them identified appellant as one of the robbers. At trial, both the complainant and his wife identified appellant as one of the robbers. Appellant confirmed that he had met the complainant at the house of the man who sold the complainant a Cadillac, but appellant denied robbing the complainant.

The jury found appellant guilty and assessed punishment at thirty years' confinement. In four issues, appellant contends (1) the prosecutor made improper jury arguments; (2) trial counsel was ineffective; (3) the trial court erred by refusing to admit an indictment of the complainant for impeachment purposes; and (4) the trial court erred by denying appellant's motion to suppress the photospread identifications. We address each issue in turn.

## II.   IMPROPER JURY ARGUMENT

In his first issue, appellant contends that the State's comments during argument for the guilt-innocence and punishment phases of the trial were improper

2

and constituted prosecutorial misconduct.[1] Appellant did not object to these comments in the trial court or request a limiting instruction or a mistrial.[2] The State contends appellant failed to preserve error.

Appellant relies on a case that suggests we may reverse for improper argument, despite the lack of an objection in the trial court, when the State's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Miller v. State*, 741 S.W.2d 382, 392 (Tex. Crim. App. 1987). In *Cockrell v. State*, however, the Court of Criminal Appeals expressly overruled the line of cases relied upon in *Miller*. *See* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)) ("Therefore, we hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal. Any prior cases to the contrary such as *Montoya* and *Romo* are expressly overruled."); *see also Ybarra v. State*, No. 14-02-00438-CR, 2003 WL 22097802, at *4 (Tex. App.—Houston [14th Dist.] Sept. 11, 2003, pet. ref'd) (mem. op., not designated for publication) (declining to follow *Miller*; applying *Cockrell*).

Appellant failed to preserve error for his first issue, and it is overruled.

---

[1] During the guilt-innocence phase, the State referred to the complainant and said, "I find him credible personally." During the punishment phase, the State adduced testimony from a homicide detective who had investigated a murder and ultimately arrested appellant for possession of a firearm as a felon. During argument, the State said, "Now, you will recall what our homicide detective said in that particular case. It's more than meets the eye. It's more than just a felon in possession of a firearm. There was something going on there that now you kind of know about."

[2] Appellant acknowledges that "trial counsel sat silently."

## III.    INEFFECTIVE ASSISTANCE

In his second issue, appellant contends that his trial counsel was ineffective during the guilt-innocence phase by "failing to request a jury charge on impermissibly suggestive identification."  Appellant contends further that counsel was ineffective during the punishment phase because he failed to object to (1) the State's questioning of a homicide detective, "which indicated that appellant was involved in a murder, for which he was no-billed"; and (2) appellant's "defective prior judgment for theft."

### A.    Law Regarding Ineffective Assistance

To prevail on an ineffective assistance claim, an appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness; and (2) counsel's deficiency caused the appellant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010).  An appellant must satisfy both prongs by a preponderance of the evidence; failure to demonstrate either deficient performance or prejudice will defeat a claim of ineffectiveness.  *Perez*, 310 S.W.3d at 893.

Trial counsel's explanation for the allegedly deficient conduct is usually a crucial issue of fact that must be elicited in a trial court. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  "Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  "A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim."  *Id.*  "To overcome the presumption of reasonable professional

4

assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation omitted).

If an appellant cannot show in the record that counsel's conduct was not the product of a strategic decision, "a reviewing court should presume that trial counsel's performance was constitutionally adequate unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quotation omitted); *see also Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (explaining that to overcome the "difficult hurdle" of establishing deficient performance in a direct appeal, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning").

## B.    The State's Argument

The State contends that Texas appellate courts should "summarily refuse to consider ineffective assistance of counsel claims made in such cases on direct appeal" when counsel's reasons for the challenged conduct do not appear in the record. The State devotes over thirteen pages of its brief to arguing that "the 'so outrageous that no competent attorney would have engaged in it' standard of review applied in such cases is inherently flawed and unworkable." The State contends that applying this standard "results in huge expenditures of time and resources by the State and appellate courts," and it is "inadequate, unfeasible, inefficient, and wastes valuable State and local resources and taxpayer money."

We decline to ignore binding precedent from the Court of Criminal Appeals,[3] and we now address appellant's arguments.

## C. Failing to Request Jury Charge on Impermissibly Suggestive Identification

To demonstrate deficient performance based on the failure to request a jury instruction, an appellant must show that he was entitled to the instruction. *Washington v. State*, 417 S.W.3d 713, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999)). Appellant contends trial counsel was ineffective for not requesting an instruction concerning "the inherent unreliability of eyewitness testimony."[4]

---

[3] *See, e.g.*, *Zarychta v. State*, 44 S.W.3d 155, 162 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("[A]s an intermediate appellate court, we are bound by controlling authority from the Court of Criminal Appeals.").

[4] Appellant argues that his counsel should have requested the following charge, which he refers to as the "Fifth Circuit charge":

> In any criminal case the government must prove not only the essential elements of the offense or offense [sic] charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

> In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider in that regard, [sic] such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

> You may also consider the circumstances surrounding the identification itself, including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

Appellant's requested charge is similar to one the First Court of Appeals rejected in *Smith v. State*, No. 01-11-01114-CR, 2013 WL 2388047, at \*5 (Tex. App.—Houston [1st Dist.] May 30, 2013, no pet.) (mem. op., not designated for publication), and it is even more elaborate than the one this court rejected in *Hudson v. State*, No. 14-07-00888-CR, 2009 WL 196060, at \*6–7 (Tex. App.— Houston [14th Dist.] Jan. 29, 2009, pet. ref'd) (mem. op., not designated for publication), based on established precedent from the Court of Criminal Appeals. Such a charge regarding "mistaken identity is an improper comment on the weight of the evidence and should not be given." *Roberson v. State*, 852 S.W.2d 508, 511 (Tex. Crim. App. 1993). Accordingly, "counsel's performance was clearly not deficient for failing to request a jury instruction on mistaken identity when entitlement to such a charge has been repeatedly rejected by caselaw and is not recognized by statute." *Id.*

Counsel was not deficient for failing to request the proposed jury charge concerning identifications and eyewitness testimony.

## D. Failure to Object to the State's Questioning of Detective Roy Swanson

During punishment, the State adduced testimony from Roy Swanson, a detective in the homicide division of the Houston Police Department. Swanson testified that he was investigating the scene of a shooting where someone died, and he learned that appellant was present at the scene. In the course of his investigation, Swanson identified appellant as a member of the Southeast Crip gang. Swanson testified that appellant was arrested and identified in a

---

      If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

*But see United States v. Ramirez-Rizo*, 809 F.2d 1069, 1070 n.1, 1072 (5th Cir. 1987) (trial court did not err by refusing to submit this instruction).

photospread, and appellant was ultimately charged with being a felon in possession of a firearm.

Appellant contends that trial counsel performed deficiently by not objecting to any of Swanson's references to homicide, murder, death, shooting, and similar words and phrases, which implied that appellant had been involved in a murder. Initially, we note that counsel's reasons for not objecting are not included in this record, and the failure to object to inadmissible evidence may be a matter of trial strategy. *See Haagensen v. State*, 346 S.W.3d 758, 766 (Tex. App.—Texarkana 2011, no pet.); *see also McKinny v. State*, 76 S.W.3d 463, 473 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[A] lawyer may strategically decide to allow the other side to introduce otherwise inadmissible evidence because it simply does not hurt the client's case or, in fact, may help it."). Indeed, trial counsel may have believed that a reasonable inference from Swanson's testimony was that appellant did *not* commit a murder because he was charged only with being a felon in possession of a firearm.

Further, appellant relies on cases concerning trial counsels' failures to object to inadmissible extraneous offense evidence during the *guilt-innocence* phase of trial, not during the punishment phase when such evidence is generally admissible. *Compare, e.g.*, *Robertson v. State*, 187 S.W.3d 475, 484–86 (Tex. Crim. App. 2006) (deficient performance when counsel allowed the jury to hear during the guilt-innocence phase prejudicial and inadmissible evidence about the defendant's incarceration on two convictions that were pending on appeal), *and Cude v. State*, 588 S.W.2d 895, 897–98 (Tex. Crim. App. [Panel Op.] 1979) (ineffective assistance when counsel repeatedly failed to object to inadmissible extraneous offense testimony during guilt-innocence phase), *with* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (jury may consider during punishment phase any matter the

8

court deems relevant, including the defendant's prior criminal record, his general reputation, his character, and extraneous crimes or bad acts proven beyond a reasonable doubt).

Even if the State impermissibly elicited testimony that implied appellant had committed a murder, which was not proven beyond a reasonable doubt, trial counsel may have reasonably believed the State was not eliciting any objectionable material; under these circumstances, counsel was not deficient. *Cf. Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding that counsel did not perform deficiently by failing to object to inadmissible hearsay because it was "possible, given the artful questions employed by the prosecutor, appellant's counsel *at that moment* may have reasonably decided that the testimony was not inadmissible and an objection was not appropriate"). Generally, a police officer may testify "to explain how the defendant came to be a suspect," and even recite extra-judicial statements in the process. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). Counsel could reasonably have believed that testimony from Swanson that he was a "homicide" detective investigating a "murder" was not objectionable as it explained how appellant came to be charged with possession of a firearm as a felon. *Cf. Thompson*, 9 S.W.3d at 814.

Trial counsel was not deficient for failing to object to Detective Swanson's testimony concerning the circumstances of his investigation that lead to appellant's arrest for felon in possession of a firearm.

**E.   Failing to Object to the Admission of Appellant's Prior Judgment for Theft**

Appellant contends trial counsel rendered ineffective assistance by failing to object to a "defective" theft judgment admitted during punishment. The judgment indicated that the offense for which appellant was convicted was "THEFT >=4500

<\$1500." The State contends the judgment contains an apparent typographical error because a dollar sign was mistakenly replaced with the number 4.

Appellant cites no authority to suggest that the judgment would have been inadmissible, and we have found none. Accordingly, appellant has not shown that had trial counsel objected, the trial court would have erred in overruling the objection—appellant has not established deficient performance. *See Vaughn v. State*, 931 S.W.2d 564, 566–67 (Tex. Crim. App. 1996) (appellant could not show ineffective assistance based on counsel's failure to object because appellant could not show that the trial judge would have committed error in overruling the objection; there was "no caselaw clearly supporting appellant's claim," and an ineffective assistance claim cannot be based on "caselaw that is unsettled at the time of counsel's actions"); *see also, e.g.*, *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).

Further, appellant has failed to show that his counsel's conduct caused prejudice—that there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. Even if the judgment itself was inadmissible, we note that appellant testified he had previously been convicted of misdemeanor theft on August 31, 2006, in cause number 1072331 and received a sentence of 90 days in jail, so this aspect of his criminal history was before the jury regardless of the admission of the judgment.[5] *Cf. Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial); *see also Toliver v. State*, No. 01-06-00649-CR, 2007 WL 1500487, at

---

[5] The allegedly defective theft judgment was for a misdemeanor entered on August 31, 2006, in cause number 1072331 and indicates a sentence of 90 days in jail.

10

*4–5 (Tex. App.—Houston [1st Dist.] May 24, 2007, no pet.) (mem. op., not designated for publication) (reasoning that the appellant failed to establish the prejudice prong of ineffective assistance based on the failure to object to evidence because the same or similar evidence was admitted without objection at another point in the trial).

Appellant has failed to show by a preponderance of the evidence that his trial counsel rendered ineffective assistance. Accordingly, his second issue is overruled.

## IV.   TRIAL COURT'S EXCLUSION OF INDICTMENT OF THE COMPLAINANT

In his third issue, appellant contends the trial court erred by "refusing to admit defense exhibit of complainant's prior felony indictment to impeach complainant who denied committing the offense." On direct examination, the complainant admitted to pleading guilty to two aggravated assaults with a deadly weapon on a public servant, evading arrest, and theft of a motor vehicle. He testified that he had been stealing the rims from a vehicle when he was surrounded by police officers, so he "took off" in the car. He testified that he almost hit an officer but did not actually run into the officer. Appellant's trial counsel sought to introduce Defense Exhibits 1 and 1A, respectively a complaint and indictment for one of the complainant's aggravated assault convictions. The complaint indicates that the complainant "cause[d] bodily injury" by colliding into the officer's vehicle, but the indictment includes two alternate paragraphs alleging that the complainant "cause[d] bodily injury" or "threaten[ed] with imminent bodily injury."

On appeal, appellant contends that the complainant "denied what he pled to," and he "denied ever assaulting the police officers." Appellant contends that

11

Defense Exhibits 1 and 1A are admissible as prior inconsistent statements under Rule 613(a) of the Texas Rules of Evidence.

Initially, we note that trial counsel never cited Rule 613 or referred to the complaint or indictment as "inconsistent statements." Trial counsel argued only that the exhibits were admissible for "impeachment purposes" because the complainant had testified that no collision was involved. Because appellant failed to explain to the trial court that the evidence was admissible as inconsistent statements, he failed to preserve error regarding inconsistent statements or Rule 613. *See, e.g.*, *Reyna v. State*, 168 S.W.3d 173, 177, 179 (Tex. Crim. App. 2005) (holding that to preserve error, the proponent of evidence "must have told the judge why the evidence was admissible"; holding that the appellant's argument that the evidence should have been admitted for "credibility" purposes did not preserve anything for review).

Further, appellant's arguments on appeal are not supported by the record. The complainant did not deny assaulting police officers or deny that he pled guilty to assaulting the police officers. The complainant denied colliding with the police officers, which was not inconsistent with the indictment paragraph in Defense Exhibit 1A alleging that the complainant had threatened bodily injury. And generally, only evidence of the conviction itself is admissible under Rules 608 and 609 to impeach a witness; "the details of the conviction are generally inadmissible for the purpose of impeachment." *Jabari v. State*, 273 S.W.3d 745, 753 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see Mays v. State*, 726 S.W.2d 937, 953 (Tex. Crim. App. 1986).

Appellant's third issue is overruled.

# V. TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO SUPPRESS

In his fourth issue, appellant contends the trial court erred by denying appellant's motion to suppress suggestive photospread identifications by the complainant and his wife. Although appellant recites the general requirement that a pretrial identification procedure may not be impermissibly suggestive, he makes no argument that the pretrial identification procedure in this case was impermissibly suggestive. The majority of his argument concerns a new law regarding pretrial identifications based on a model policy adopted by the Bill Blackwood Law Enforcement Management Institute of Texas (LEMIT), which was not in effect at the time of the pretrial identification in this case. *See* Tex. Code Crim. Proc. Ann. art. 38.20.

Although the statute does not require exclusion of an identification solely because of noncompliance with the LEMIT policies,[6] appellant contends "the violation should be a factor counsel argues in a suppression motion." Here, however, trial counsel never mentioned the State's failure to comply with LEMIT policies as a basis for suppression of the pretrial identifications. Appellant's argument on appeal thus differs from the argument in the trial court, and appellant has not preserved error. *See, e.g.*, *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (error is forfeited if a point of error on appeal does not comport with the objection made at trial); *Resendez v. State*, 306 S.W.3d 308, 315 (Tex. Crim. App. 2009 (specific suppression argument not raised in the trial court was not preserved for appellate review).

---

[6] *See* Tex. Code Crim. Proc. Ann. art. 38.20, § 5(b) ("Notwithstanding Article 38.23 as that article relates to a violation of a state statute, a failure to conduct a photograph or live lineup identification procedure in substantial compliance with the model policy or any other policy adopted under this article or with the minimum requirements of this article does not bar the admission of eyewitness identification testimony in the courts of this state.").

Appellant's fourth issue is overruled.

## VI. CONCLUSION

Appellant failed to preserve error for his first, third, and fourth issues on appeal, and he has not proven ineffective assistance of counsel by a preponderance of the evidence for his second issue. Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/ Sharon McCally
Justice

Panel consists of Justices McCally, Busby, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).