**Opinion filed May 27, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00125-CR

_____

## CLAYBORNE LEVESTER BAITY, JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 24927A**

## M E M O R A N D U M   O P I N I O N

After Clayborne Levester Baity, Jr. pleaded guilty to the offense of driving while intoxicated, felony repetition, the trial court adjudged him guilty of that offense.[1] The trial court assessed punishment at confinement for ten years, ordered the sentence in this case to run consecutively to a sentence from another conviction, and sentenced Appellant accordingly. Appellant alleges in a single issue that his trial counsel was ineffective. We affirm.

---

[1]*See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2015).

## I. *Evidence at Plea Hearing and Motion for New Trial*

Officer Joshua Ward initiated a traffic stop of the vehicle being driven by Appellant. Officer Ward observed that Appellant had slightly glazed eyes and slightly slurred speech. He smelled alcohol coming from Appellant. Appellant's "performance" on standard field sobriety tests was "poor." Given his observations, Officer Ward arrested Appellant for driving while intoxicated. According to the subsequent criminal complaint, "[a] mandatory blood test was administered," and the results showed a blood alcohol content of 0.10. There is no evidence in the record to indicate whether Appellant did or did not consent to the warrantless mandatory blood test.

Appellant judicially confessed and pleaded guilty as charged. After the trial court accepted the guilty plea, assessed punishment, and sentenced Appellant, Appellant moved for a new trial based upon his claim that he had received ineffective assistance of counsel at trial. Appellant alleged that his trial counsel was deficient because he promised Appellant a more favorable sentence than the one Appellant actually received. Appellant's trial counsel testified at the hearing on the motion for new trial.[2] The majority of the questions at the hearing revolved around trial counsel's alleged promise to obtain a more favorable sentence for Appellant than what Appellant had received. Toward the end of the hearing, however, appellate counsel asked about the legality of the warrantless blood draw. Appellant's trial counsel testified that he never considered filing any pretrial motions and that he and Appellant jointly decided that Appellant should plead guilty and hope for leniency from the trial court. Appellant's trial counsel admitted that he was not aware of the United States Supreme Court's decision in *Missouri v. McNeely*,[3] a case that, at the

---

[2]We note that appointed counsel initially represented Appellant but that that lawyer's performance is not the subject of Appellant's ineffective-assistance-of-counsel claim.

[3]*Missouri v. McNeely*, 133 S. Ct. 1552 (2013).

time, cast doubt on the legality of the warrantless blood draw in Appellant's case. The trial court denied the motion for new trial, and Appellant filed this appeal.

## II. *Standard of Review*

The standard of review for a claim of ineffective assistance of counsel is well established. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under that standard, we look to see whether trial counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*; *see Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. 466 U.S. at 687. For the performance standard, the complainant must show that his trial counsel's performance was deficient. *Id.* Put another way, the complainant must show that trial counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. For the prejudice standard, the complainant must show that there is a reasonable probability that the outcome would have differed but for trial counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 694. Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

When, as here, the complainant has moved for new trial on grounds of ineffective assistance of counsel, we review the trial court's denial of that motion for an abuse of discretion. *Riley v. State*, 378 S.W.3d 453, 457–58 (Tex. Crim. App. 2012). Accordingly, in this case, we do not apply the aforementioned *Strickland* test de novo. *See id.* Rather, we review the trial court's application of the *Strickland* test under the abuse of discretion standard. *See id.* Under the abuse of discretion standard, we reverse only if the decision was so clearly wrong as to lie outside the

zone of reasonable disagreement.  *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).  We view the evidence in the light most favorable to the trial court's ruling and presume that the trial court made all reasonable findings of fact against the losing party.  *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  Thus, a trial court abuses its discretion only when no reasonable view of the record could support its ruling.  *Id.*

### III. *Analysis*

Appellant first asserts that his trial counsel failed to investigate the law and facts and to inform him of his rights and options under the law.  Second, Appellant asserts that his trial counsel failed to file a pretrial motion to suppress blood evidence obtained in violation of the Fourth Amendment.  Although presented as two distinct arguments, we see Appellant's arguments as a single issue: Was trial counsel ineffective because his failure to investigate the law and facts of the case led to his failure to file a motion to suppress?[4]

The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case.  *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979).  An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel.  *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991) (citing *Ex parte Raborn*, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983)).  Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

In this case, trial counsel testified at the hearing on the motion for new trial and, thus, developed some evidence in the record.  Appellant argues that trial

---

[4]Appellant seems to acknowledge this reasoning.  In his brief, he left discussion of the prejudice prong of *Strickland* to his argument related to trial counsel's failure to file a motion to suppress.

counsel's testimony at the hearing demonstrated deficient performance. Appellant directs us to the following exchange between his appellate counsel and his trial counsel to support Appellant's allegation of ineffective assistance:

Q: Okay. What about -- was there any other plan discussed of trying the case, anything like that?

A: No. When -- when [Appellant] hired me, he -- he had told me that . . . he was waiting on the breath test to come back. And we looked at the breath test and it was a ten. He said, "I just want to work out a plea." And he -- we never discussed trying the case because of the -- well, I say breath test. It was a blood test, I believe.

Q: Right. Blood test.

A: And it was -- it was a matter of getting ready and doing a PSI [presentence investigation] and going to the judge and trying to impress the judge with -- with our PSI.

Q: Did you ever discuss filing any pretrial motions with him?

A: No.

Q: Okay.

A: No. We -- we never discussed anything but a plea all the way.

Q: Okay. Are you aware of the -- the *McNeely* decision by the Supreme Court, United States?

A: No.

Q: Where there -- they suppressed, you know, the blood draws without a warrant are viewed, in some instances, at least, unconstitutional and in violation of the Fourth Amendment?

A: I'm not familiar with that.

Q: Okay. So did you -- in this case, you're aware they did a mandatory blood draw, right, because of the third DWI?

A: Doesn't surprise me. I was not aware of it. I was just aware that they took blood.

Q: Okay.

A: I don't think he ever informed me that it was without his consent.

Q: Okay. And then in terms of the -- the complaint -- you've seen the complaint, right –

A: Uh-huh.

Q: -- in the case? And if I represented to you that the complaint says that there was a mandatory blood test administered, you believe that to be true?

A: Yes, sir.

Q: Okay. And so there was no warrant issued for the taking of blood in this case, correct, that you know of?

A: Not that I know of.

Appellant also points to trial counsel's admission that he "didn't get any discovery" but, instead, merely "discussed [the case] with [the district attorney] in their office." We assume, without deciding, that trial counsel's admissions that he was unaware of the facts and law surrounding the case and his failure to file a motion to suppress constituted deficient performance. But, in order to prevail on his ineffective-assistance-of-counsel claim, Appellant must still show that the deficient performance by trial counsel prejudiced his defense. *See Bone*, 77 S.W.3d at 833 (citing *Strickland*, 466 U.S. at 687).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v.*

*State*, 9 S.W.3d 808, 814 (Tex. Crim App. 1999). Appellant bears the burden to provide a sufficient record that affirmatively demonstrates the alleged ineffectiveness. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. To prevail on a claim of ineffective assistance of counsel based on trial counsel's failure to file a motion to suppress, Appellant is required to show that the trial court would have granted the motion. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (citing *Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993)). To meet this burden, Appellant must have produced evidence that defeated the presumption of proper police conduct. *Id.* Appellant must "develop facts and details of the search sufficient to conclude that the search was invalid." *Id.* Mere "questions about the validity of the search" are not enough. *Id.*

Appellant argues that, "[i]f a motion to suppress had been filed in this cause, the trial court would have granted the motion." We disagree. Appellant's argument relied on the facts that indicated "[a] mandatory blood test was administered." Appellant assumes that a warrantless mandatory blood draw is per se illegal and excludable. We have, however, previously noted that the mandatory blood draw statute does not direct law enforcement to illegally obtain a blood sample; rather, the statute simply dictates that a blood sample must be taken. *See Forsyth v. State*, 438 S.W.3d 216, 224–25 (Tex. App.—Eastland 2014, pet. ref'd). Any breath or blood sample must still be acquired by a valid warrant or under a recognized exception to the warrant requirement. *Id.* at 224 (declining to hold that an officer is not required to obtain a warrant for the blood draw or show that the blood draw was conducted under a recognized exception to the warrant requirement). Accordingly, there are instances in which a warrantless mandatory blood sample can be taken legally, such as when a suspect consents to provide a blood sample. *Id.*

In this case, after examining the record, we cannot determine whether Appellant did or did not consent to have a specimen of blood drawn. Therefore, we cannot agree with Appellant's assertion that the trial court would have granted a motion to suppress the blood draw evidence because, if Appellant did consent to the blood draw, then a motion to suppress would not have been granted. *See Reasor v. State*, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000) (consent is a valid, recognized exception to the warrant requirement). Appellant argued at the hearing on the motion for new trial that, had trial counsel "filed a motion to suppress on the basis of a warrantless blood draw, *it's very likely* that the blood evidence would have been suppressed" (emphasis added). But because Appellant failed to develop the record sufficiently enough for us to conclude that Appellant did not consent to the blood draw, if in fact he did not, we cannot conclude that he was prejudiced by trial counsel's failure to file a motion to suppress. *See Jackson*, 973 S.W.2d at 957. Such failure to develop the record precludes us from holding that, on the record before us, "the search was invalid." *Id.* Accordingly, we cannot say that the trial court abused its discretion when it denied Appellant's motion for new trial. We overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

May 27, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.